# United States Court of Appeals for the Federal Circuit

06-1173
(Serial No. 74/734,496)

IN RE BOSE CORPORATION

Charles Hieken, Fish & Richardson P.C., of Boston, Massachusetts, argued for appellant. With him on the brief were Cynthia Johnson Walden and Amy L. Brosius.

John M. Whealan, Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the Director of the United States Patent and Trademark Office. With him on the brief were Cynthia C. Lynch and Nancy C. Slutter, Associate Solicitors.

Appealed from: United States Patent and Trademark Office, Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

06-1173
(Serial No. 74/734,496)

IN RE BOSE CORPORATION

_____

DECIDED:  February 8, 2006
_____

Before LOURIE, RADER, and SCHALL, <u>Circuit Judges</u>.

LOURIE, <u>Circuit Judge</u>.

Bose Corporation ("Bose") appeals from the decision of the United States Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board (the "Board") denying registration of a proposed speaker design as a trademark.  <u>In re Bose Corp.</u>, Serial No. 74734496 (T.T.A.B. July 12, 2005).  Because the Board correctly determined that the appeal was barred by the doctrine of res judicata, we affirm.

## BACKGROUND

Bose filed an application to register the following design as a trademark for "loudspeaker systems" on September 26, 1995:



Although the application as filed contained no written description of the mark, Bose amended the application to include a statement that the mark "comprises an enclosure and its image of substantially pentagonal cross-section with a substantially pentagonal shaped top with a bowed edge parallel to a substantially pentagonal-shaped bottom end." Bose further stated in its response to an office action that the proposed mark is "identical to trademark application serial no. 73/127,803."

We previously considered the registration of the identical mark in application serial no. 73/127,803 and held that that mark was functional and therefore not entitled to trademark registration. In re Bose Corp., 772 F.2d 866 (Fed. Cir. 1985) (Bose I). In affirming the Board's decision that the configuration was functional, we applied the standard set forth in In re Morton-Norwich Products, Inc., 671 F.2d 1332 (CCPA 1982). We observed that Bose's promotional materials explained the functional reason for such a design. Bose I, 772 F.2d at 871. We also observed that the speaker enclosure configuration was the subject of a Bose patent (U.S. Patent 4,146,745) as part of a speaker system and that the "pentagonally shaped cross-section of the enclosure is part and parcel of the functional, i.e. utilitarian, advantage stated by Bose itself to inhere in the enclosure as an element of a speaker system." Id. at 872 (emphasis omitted). We

rejected Bose's argument that competitors could compete in the speaker market without using a five-sided speaker and determined that we need only look to Bose's own statements to support a conclusion that the "Bose enclosure design is one of the best from the standpoint of performance of the speaker system." Id. Finally, we noted that an advantage of the Bose design is that it is inexpensive to manufacture and is within "the category of a superior design in this respect." Id. at 873.

When presented with the identical mark at issue in the present application, serial no. 74/734,496, the Board affirmed the examiner's refusal to register the proposed mark, concluding that the appeal was barred by the doctrine of res judicata. The Board determined that Bose was the same applicant as in Bose I, that this court rendered a final decision in Bose I on the issue of de jure functionality of the identical mark, and that no conditions, facts, or circumstances of consequence to the issue of de jure functionality had changed since the prior decision.

Bose conceded that the applicant and marks were the same as in the prior proceeding, but argued extensively to the Board that the facts and circumstances had changed since Bose I such that application of claim preclusion, in this case via res judicata, was not appropriate. The Board rejected Bose's related argument that there was an important factual difference between the proceedings because the mark in the prior proceeding had a "bowed" edge, whereas, in the present proceeding, the mark is "curved." The Board found no meaningful difference between the characterization in the prior application of a "bowed" front edge and the characterization in the present application of a "curved" front edge. The Board also rejected Bose's changed circumstances argument. It concluded that the public recognition of Bose's design that

may have been achieved over twenty years did not cause it to differ from its prior decision that the design was de jure functional.

The Board distinguished this case from In re Honeywell, in which the Board determined that that appeal was not barred by application of the doctrine of res judicata. 8 U.S.P.Q.2d 1600 (T.T.A.B 1988). In Honeywell, the design sought to be registered was for a round thermostat cover. The Board rejected the design as functional. Subsequently, Honeywell sought to register a design that was a variation of the previously registered design. The Board observed that in Honeywell, the marks were different in the two proceedings, the round configuration was chosen for source-indicating purposes and the components were designed to fit that configuration, and that case involved a design, not a utility, patent. The Board also determined that in the alternative, even if we were to reverse on the issue of res judicata, the proposed design still consists of a de jure functional configuration of a loudspeaker.

Bose requested reconsideration of the Board's decision, which the Board denied. In re Bose Corp., Serial No. 74734496 (T.T.A.B. Oct. 4, 2005) (Request for Reconsideration). In its opinion denying the request for reconsideration, the Board rejected Bose's argument that circumstances had changed since the earlier decision, and in particular that there had been a change in the law on the issue of de jure functionality with the decision of TrafFix Devices v. Marketing Displays, 532 U.S. 23 (2001). The Board noted that statements made in a patent application can demonstrate the functionality of a design, and that if a design is found to be functional, it is unnecessary for the court to consider the availability of alternative designs. The Board concluded that a "design feature that is shown by way of an exhaustive analysis of a

utility patent to be de jure functional does not become not de jure functional by the passage of time, more promotional efforts or increased sales." Request for Reconsideration, slip op. at 12.

Bose timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We apply a limited standard of review to Board decisions, reviewing legal determinations de novo and factual findings for substantial evidence. In re Pacer Tech., 338 F.3d 1348, 1349 (Fed. Cir. 2003). Whether a claim is barred by the doctrine of res judicata is a legal determination reviewed de novo. Hallco Mfg. Co., Inc. v. Foster, 256 F.3d 1290, 1294 (Fed. Cir. 2001). The functionality of trade dress is a factual finding reviewed for substantial evidence. Valu Eng'g, Inc. v. Rexnord Corp., 278 F.3d 1268, 1273 (Fed. Cir. 2002).

On appeal, Bose again argues that facts and circumstances have changed since Bose I such that the doctrine of res judicata should not bar Bose from registering its proposed design as a trademark. According to Bose, the curved front edge was not an issue in Bose I, and the court only considered the pentagonal-shaped design in its determination of functionality. Hence, Bose argues that the design with the curved front edge was neither litigated nor decided in Bose I. Bose next contends that there has been a change in the legal standard of inquiry for functionality of trade dress, and hence a changed circumstance, since Bose I. According to Bose, the Supreme Court's decision in TrafFix set forth additional considerations to be applied in a functionality analysis. Bose also argues that it presented additional evidence, such as the absence

of promotional material that "touts" the utilitarian aspects of the mark, which the Board allegedly disregarded. According to Bose, the additional evidence represents a significant changed circumstance affecting the Morton-Norwich functionality analysis. Finally, Bose argues that because application of res judicata is such a drastic remedy, it should be used only in limited circumstances, and this is not such a circumstance.

The government responds that the fundamentals for application of the doctrine of res judicata are satisfied and any alleged changed circumstances do not support foreclosing application of the doctrine in this case. The government argues that the curved front edge is not a new issue because in Bose I, this court expressly stated that the front edges were curved or "bowed." Moreover, the government contends that the marks are the same but merely described differently and that a difference in description does not represent a change in facts. The government also argues that the import of TrafFix is that Bose bears a "heavy burden" in overcoming the strong evidence of functionality shown in Bose's expired patents and in fact reinforces the functionality finding of Bose I. The government finally contends that the additional evidence presented by Bose is irrelevant because it only demonstrates that the promotional material has not promoted any utilitarian advantage of the curved front edge, but only of the design as a whole, and it is the design as a whole that is at issue here.

We agree with the government that the Board correctly refused to register the proposed design on the ground that the doctrine of res judicata applies. Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). Our

predecessor court has further stated that application of res judicata is not applicable where "it is apparent that all the questions of fact and law involved . . . [in the second proceeding] were not determined in the previous proceeding." Litton Indus., Inc. v. Litronix, Inc., 577 F.2d 709, 711 (CCPA 1978) (internal citation omitted).

We have warned that particular "caution is warranted in the application of [claim] preclusion by the PTO, for the purposes of administrative trademark procedures include protecting both the consumer public and the purveyors." Mayer/Berkshire Corp. v. Berkshire Fashions, Inc., 424 F.3d 1229, 1234 (Fed. Cir. 2005). As a recognition of this exercise of caution in applying claim preclusion in an ex parte proceeding, the Board has stated that "there is nothing to preclude an applicant from attempting a second time in an ex parte proceeding to register a particular mark if conditions and circumstances have changed since the rendering of the adverse final decision in the first application." Honeywell, 8 U.S.P.Q.2d at 1601-02; In re Oscar Mayer & Co., Inc., 171 U.S.P.Q. 571 (T.T.A.B. 1971).

In this case, however, there is no dispute that the same applicant, Bose, is involved in the prior and present proceedings and that there was a prior final judgment on the merits, i.e., the functionality, of the identical design. Thus, the general prerequisites of res judicata have been satisfied. However, Bose contends that three facts and circumstances have changed and were not considered in the prior proceeding such that application of res judicata in this appeal is not appropriate: (1) Bose's emphasis on the "curved front edge"; (2) the Supreme Court's intervening case, TrafFix; and (3) the submission of extensive promotional materials relating to the advantages of

Bose's speaker enclosure. We do not agree that any of these facts or circumstances precludes application of the doctrine of res judicata. We address each argument in turn.

Bose first argues that this court did not explicitly consider the "curved front edge" of the Bose design in its functionality analysis. We disagree. Contrary to what Bose asserts, we expressly acknowledged in Bose I that the "curved front edge" was part of the Bose design in our functionality analysis. We stated that "Bose candidly acknowledges that, except for the substantially pentagonal shape of the top and bottom surfaces of its speaker enclosure created by an angled rear portion, there is nothing out of the ordinary in the design by which the public could or would identify the speakers as those of Bose and distinguish them from the goods of others." Bose I, 772 F.2d at 870. In a footnote elaborating on what we meant by "substantially pentagonal shape," we stated that our description of the design as a "substantially pentagonal shape" was not a precise characterization because the "front edge of the subject design is bowed." Id. at n.3. Thus, we acknowledged that the Bose design includes a bowed front edge. Although Bose contends that "bowed" means something different from "curved," we find this quibble over semantics meaningless because "bowed" is simply another term for "curved," and the picture of the design at issue in Bose I depicts the same curved edge as the design in the present application.

Bose next contends that the Supreme Court's intervening case, TrafFix, represents a change in the law and sets forth additional considerations in a functionality analysis. We do not agree. See Valu Eng'g, Inc., 278 F.3d at 1276 ("We do not understand the Supreme Court's decision in TrafFix to have altered the Morton-Norwich [functionality] analysis."). TrafFix does not affect the prior functionality analysis in Bose

I and provides further support for finding that Bose's design is functional. The inquiry in TrafFix was the effect of an expired patent on a claim of trade dress infringement. 532 U.S. at 29. The Court determined that a utility patent "is strong evidence that the features claimed therein are functional" and further that "one who seeks to establish trade dress protection must carry the heavy burden of showing that the feature is not functional." Id. at 29-30. Thus, this case demonstrates that Bose's utility patent, which expressly claims a loudspeaker system with angled baffles and a pentagonal cross-section, provides "strong evidence" of the functionality of Bose's loudspeaker design.

Bose notes a passage in TrafFix that states that "where a manufacturer seeks to protect arbitrary, incidental, or ornamental aspects of features of a product found in the patent claims, such as arbitrary curves in the legs or an ornamental pattern painted on the springs, a different result might obtain. There the manufacturer could perhaps provide that those aspects do not serve a purpose within the terms of the utility." 532 U.S. at 34. According to Bose, TrafFix supports registration of the Bose design because the curved front edge is an "arbitrary" feature of Bose's design. We do not agree. Bose is seeking protection of its entire pentagonal-shaped design, not only its curved front edges, as made clear by the picture and description of the design in its application for trademark protection. If Bose were only seeking protection of its curved front edge, it would have made that clear in its application for registration. However, Bose did not seek protection for only the curved front edge, and it further recognized and acknowledged that the source-indicating purpose of its design was the entire pentagonal-shaped design. Thus, TrafFix does not aid Bose.

Finally, we do not agree that Bose's promotional materials, which Bose contends do not "tout any utilitarian advantage of the curved front edges," represent a changed circumstance such that we should bar application of the doctrine of res judicata. Again, Bose's design is not merely of the curved front edges, but is the entire pentagonal-shaped design, of which the curved front edges are a part. Thus, Bose's focus on the advertising materials, which do not promote the utilitarian aspects of the curved front edge, is not relevant to our consideration of the functionality of the design as a whole. As we stated in Bose I, the promotional advertisements did clearly promote the functional reason for the overall design. 772 F.2d at 871.

## CONCLUSION

For the reasons stated above, we conclude that application of res judicata was appropriate in this case. The parties and the marks were the same in both proceedings, and we had previously determined the merits of the claim, i.e., the functionality of the design. In addition, none of the alleged changed circumstances warrants barring application of res judicata. We therefore affirm.

## AFFIRMED

06-1173                                                    10