NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1329
(Cancellation No. 92/032,341)


MICHEL FARAH,

Appellant,

v.

PRAMIL S.R.L.

Appellee.


David M. Rogero, of Coral Gables, Florida, for appellant.


Appealed from:  United States Patent and Trademark Office,
Trademark Trial and Appeal Board.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1329
(Cancellation No. 92/032,341)

MICHEL FARAH,

Apellant,

v.

PRAMIL S.R.L.,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED: November 24, 2008
_____

Before MAYER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Appellant Michel Farah ("Farah") appeals a decision by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("Board") that canceled Farah's trademark registration No. 2,447,970 in response to a petition filed by Appellee Pramil S.R.L. ("Pramil"). Pramil S.R.L. v. Farah, No. 92032341 (T.T.A.B. Jan. 29, 2008) ("Board Decision"). Because we are not persuaded by Farah's allegations of error, we affirm.

BACKGROUND

On May 30, 2000, Farah filed an application to register the mark OMIC PLUS for use in connection with certain cosmetics, and, on May 1, 2001, the United States Patent and Trademark Office issued him registration No. 2,447,970 for this mark.

On October 25, 2001, Pramil petitioned for cancellation of this registration. Specifically, Pramil alleged that it had priority of use for the mark OMIC (also in connection with cosmetics) and that there was a likelihood of confusion between its mark (OMIC) and the registered mark (OMIC PLUS). See 15 U.S.C. § 1052(d) (prohibiting registration of a mark where the mark so resembles another mark, which is registered or was "previously used in the United States by another and not abandoned," that there is a likelihood of confusion between the two). In support of its petition, Pramil submitted several invoices, sample packaging of its OMIC product, and the deposition testimony of Jacob Aini, the corporate secretary and buyer for I.C.E. Marketing, Inc., the exclusive distributor of Pramil's products in the United States. Board Decision at 2. Farah, on the other hand, failed to timely submit any evidence. Id. at 2 n.1. As a result, for the purposes of this proceeding, Farah's priority date is the filing date of his registration application (i.e., May 30, 2000). Id. at 3-4. The parties submitted briefs, requested oral argument, and awaited the Board's decision.

Meanwhile, on March 13, 2006, Farah's exclusive licensee, Gapardis Health and Beauty, Inc. ("Gapardis"), filed an infringement action against Pramil and Pramil's U.S. distributor, International Beauty Exchange, Inc. ("IBE"), in the United States District Court for the Southern District of Florida alleging, inter alia, infringement of the registered mark OMIC PLUS. Gapardis Health & Beauty, Inc. v. Pramil S.R.L., No. 06-

CV-20619 (S.D. Fla. filed Mar. 13, 2006). While Gapardis and IBE later settled, Pramil failed to respond to the complaint, resulting in the entry of a default judgment. The district court permanently enjoined Pramil from using the mark OMIC PLUS and awarded damages to Gapardis.

On June 16, 2007, after completion of the civil proceedings, Farah filed a motion for summary judgment with the Board, alleging that the court's injunction eliminated Pramil's basis for standing and that its judgment collaterally estopped Pramil from asserting the grounds for cancellation. The Board denied this motion on July 26, 2007.

On January 29, 2008, the Board found that Pramil established priority of use and likelihood of confusion and, as a result, granted the cancellation of Farah's registration. Board Decision at 9, 18. Farah appealed the Board's decision, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

"We apply a limited standard of review to Board decisions, reviewing legal determinations de novo and factual findings for substantial evidence." In re Bose Corp., 476 F.3d 1331, 1334 (Fed. Cir. 2007).

On appeal, Farah argues that the Board erred in various ways. First, Farah alleges that the district court's judgments prevent Pramil from maintaining its cancellation petition because: (1) Pramil lacked standing in the cancellation proceeding once the district court entered the permanent injunction and (2) the district court's default judgment against Pramil collaterally estopped Pramil from asserting the grounds for cancellation. Next, Farah argues that Pramil failed to carry its burden of proof on

two aspects of its cancellation petition—(3) priority of use and (4) continuous use of its mark. We address each of these four allegations in turn.

A

First, Farah argues that Pramil lacked standing to petition for the cancellation of Farah's trademark after the district court entered a permanent injunction against Pramil. Because this order enjoins Pramil from using the mark OMIC PLUS (or colorable imitations thereof), Farah asserts that Pramil "lacks any rights in its claimed mark OMIC, and thus it is not likely to be damaged by the continued registration of [Farah's] mark." We are not persuaded.

"A petition to cancel a registration of a mark" may be filed "by any person who believes that he is or will be damaged . . . by the registration of a mark . . . ." 15 U.S.C. § 1064. To establish standing to file such a petition, Pramil need only plead and prove facts showing a "real interest" in the proceedings and a "reasonable" basis for its belief of damage. See Richie v. Simpson, 170 F.3d 1092, 1095 (Fed. Cir. 1999); Int'l Order of Job's Daughters v. Lindeburg & Co., 727 F.2d 1087, 1092 (Fed. Cir. 1984). This is not a rigorous requirement, as standing "requires only that the party seeking cancellation believe that it is likely to be damaged by the registration." Cunningham v. Laser Golf Corp., 222 F.3d 943, 945 (Fed. Cir. 2000).

Applying this standard, the Board found that Pramil had sufficiently demonstrated its standing to file the instant petition. Board Decision at 3. Specifically, the Board held that Pramil's "use of the OMIC mark in connection with cosmetics is sufficient to establish petitioner's direct commercial interest in its mark and its standing to petition to cancel respondent's mark for OMIC PLUS for cosmetics." Id.

In response to Farah's argument that the injunction eliminated Pramil's standing, the Board noted that the injunction does not specifically prohibit Pramil from using its OMIC mark. Rather, the injunction simply orders Pramil not to use the OMIC PLUS mark or "any reproduction, or counterfeit, or copy or colorable imitation" of this mark. Gapardis Health & Beauty, Inc. v. Pramil S.R.L., No. 06-CV-20619 (S.D. Fla. May 23, 2007) (order granting permanent injunction). While that court may later determine that OMIC is a reproduction, counterfeit, copy, or colorable imitation of OMIC PLUS, it has not yet done so. See id. (retaining jurisdiction over enforcement of the injunction). Moreover, contrary to Farah's allegations, the scope of the district court's injunction is not altered by the fact that Pramil alleged (and the Board found) a "likelihood of confusion" between OMIC PLUS and OMIC. Thus, we see no error in the Board's conclusion that Pramil had standing to file the cancellation petition.[1]

B

Next, Farah argues that the district court's default judgment against Pramil collaterally estopped Pramil from pursuing the instant cancellation. Like the Board, we are not persuaded by this argument.

"[C]ollateral estoppel may be employed to preclude the relitigation of issues only when those issues were 'actually litigated' in a prior law suit." Lee ex rel. Lee v. United

---

[1] Farah also briefly argues that its registration of "OMIC" on June 3, 2008, negates Pramil's standing. However, we fail to see—and Farah fails to explain—how a second registration can "negate" a petitioner's standing to challenge a first registration. Specifically, we are not persuaded that this new registration undermines the Board's finding that Pramil has standing due to its "use of the OMIC mark in connection with cosmetics." Board Decision at 3. Moreover, to the degree that Farah attempts to rely on facts underlying this registration (e.g., the asserted date of first use in commerce), Farah should have presented those facts to the Board in the first instance.

States, 124 F.3d 1291, 1295 (Fed. Cir. 1997). "When judgment is issued as the result of a default, however, the underlying issues have not been actually litigated. For that reason, a default judgment cannot serve to preclude the litigation of issues under the doctrine of collateral estoppel." Id. at 1296; see Restatement (Second) of Judgments § 27 cmt. e (1982) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."). Thus, the district court's default judgment does not collaterally estop Pramil in the cancellation proceedings.

Farah also appears to present some arguments directed to res judicata (i.e., claim preclusion) in addition to collateral estoppel (i.e., issue preclusion). This court, however, has already decided that "an earlier infringement action does not bar, under the doctrine of claim preclusion, a later petition for cancellation." Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1365 (Fed. Cir. 2000). Thus, we also reject these arguments.

C

Farah next argues that Pramil failed to carry its burden of proof on priority of use, an element of Pramil's ground for cancellation. While Farah acknowledges that Pramil's testimony and invoices show a sale of OMIC products before Farah's priority date, Farah argues that Pramil needed to establish two additional elements: (1) Pramil applied its mark to the goods themselves and (2) the goods were sold to the public. Again, we are not persuaded.

"The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade." 15 U.S.C. § 1127. For goods, a mark is "use[d] in commerce," when: (1) "it is placed in any manner on the goods or their containers or the displays

associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale," and (2) "the goods are sold or transported in commerce." Id. This statute does not require Pramil to make either of the specific showings alleged by Farah.

The Board found that Pramil established its prior use with evidence showing that 6000 units of Pramil's OMIC product were sold in 1994—six years prior to Farah's priority date—to a company in Florida. Board Decision at 4-5. Pramil's witness testified that these products were marked "OMIC." The Board also noted that the invoice identifies the products with the OMIC mark and that Pramil's current product packaging clearly displays this mark. Id. at 4-5, 7. Moreover, the Board found "no evidence or testimony" to indicate that Pramil failed to label its products with the mark. Id. at 7. As Farah fails to identify any evidence to the contrary, we conclude that the Board's factual finding was supported by substantial evidence.

D

Finally, Farah alleges that Pramil failed to prove its continuous use of the mark. Farah asserts that Pramil's evidence only showed use of the mark from 1994 to 1996 and from 2000 to 2004. Because Pramil allegedly failed to explain the four-year gap between 1996 and 2000, Farah asserts that Pramil failed to carry its burden to establish continuous use of its mark.

As the Board noted, however, abandonment "is a defense to [Pramil's] evidence of prior use, and therefore [Farah] bears the burden of proof." Board Decision at 9 (citing W. Fla. Seafood, Inc. v. Jet Rests., Inc., 31 F.3d 1122, 1128-29 (Fed. Cir. 1994)). The Board found that Pramil's witness: (1) explained the four-year evidentiary gap

(specifically, he testified that the invoices represented merely a random sampling over the course of ten years), and (2) testified that Pramil's use of the mark has been continuous since 1994, with no interruption or cessation. Id. at 10. Because Farah provided no evidence to the contrary, the Board concluded that Farah failed to prove its abandonment defense. Id. at 10-11.

On appeal, Farah appears to contend that it need not present any evidence because Pramil's "[n]onuse for three consecutive years [is] prima facie evidence of abandonment," quoting the definition of abandonment provided by 15 U.S.C. § 1127. The Board, however, did not actually find any nonuse of Pramil's mark, crediting instead the witness's testimony that Pramil's use of the mark has been continuous.

## CONCLUSION

Because the Board's factual findings are based on substantial evidence and its analysis contains no error of law, we affirm.

## COSTS

Each party shall bear its own costs.