NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1084
(Opposition Nos. 91/175,625 and 91/175,373)

H. MICHAEL BISHOP,

Appellant,

v.

MARINA FLOURNOY,

Appellee.

<u>H. Michael Bishop</u>, of Long Beach, California, pro se.

<u>Marina Flournoy</u>, of Germantown, Tennessee, pro se.

Appealed from:    United States Patent and Trademark Office
Trademark Trial and Appeal Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1084

(Opposition Nos. 91/175,625 and 91/175,373)

H. MICHAEL BISHOP,

Appellant,

v.

MARINA FLOURNOY,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED: April 1, 2009

_____

Before MAYER, DYK, and MOORE, Circuit Judges.

PER CURIAM.

H. Michael Bishop ("Bishop") appeals from a decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board ("the Board"). The Board dismissed Bishop's opposition to the registration of two trademark applications filed by Marina Flournoy ("Flournoy") for the marks "100% ART" and "ONEHUNDREDPERCENT ART" for failure to timely submit admissible evidence which would establish his standing and a ground for refusal of registration. Bishop v. Flournoy, Opposition Nos. 91/175,625, 91/175,737, 2008 WL 4233891 (T.T.A.B. Sept.

5, 2008) ("Board Decision").  We remand to the Board with instructions to reconsider the issues of standing, fraud, and likelihood of confusion in light of Flournoy's admissions.

BACKGROUND

Flournoy sought registration of the marks "100% ART" (Application 78780720) and "ONEHUNDREDPERCENT ART" (Application 78780721).  Both applications were for marks under International Class 16, which covers:

> Printed informational cards in the field of art, cards, greeting cards, correspondence cards, gift cards, invitation cards, mounted posters, note cards, occasion cards, paintings, paintings and calligraphic works, paintings and their reproductions, posters, tarot cards, unmounted posters, water color finished paintings, pastel and oil colors finished paintings.

Bishop filed a notice of opposition to both applications, attaching evidence in support of his case, in which he alleged (1) standing; (2) priority and a likelihood of confusion with his previously used mark; and (3) that Flournoy had committed fraud in applying for and prosecuting her applications.  Flournoy, pro se, filed a response to the opposition in which she asserted that Bishop had not established any right to relief.  However, Flournoy did admit that she had knowledge that Bishop had previously been using both of the marks on his artwork.  Evidence attached to the notice of opposition is not considered "unless identified and introduced in evidence as an exhibit during the period for the taking of testimony."  37 C.F.R. § 2.121; see § 2.122.  Bishop did not file any testimony or notices of reliance during the thirty-day testimony period.  Bishop then filed trial briefs in each opposition, attaching evidence in support of his case.  Flournoy did not file any response.  Bishop then filed reply briefs, arguing that he was entitled to judgment because Flournoy failed to file any trial briefs.

The Board consolidated the two oppositions. Bishop failed to "file testimony or a notice of reliance in either opposition."[1] Board Decision at 1. With respect to the evidence attached to the notices of opposition, the Board did not consider them because, under 37 CFR § 2.122(c), "an exhibit attached to a pleading is not evidence on behalf of the party to whose pleading the exhibit is attached unless identified and introduced in evidence as an exhibit during the period for the taking of testimony." See Trademark Trial and Appeal Board Manual of Procedure § 704.05(a) (2004) (hereinafter "T.B.M.P."). With respect to the exhibits attached to Bishop's trial briefs, the Board did not consider them because, under T.B.M.P. § 704.05(b), "[e]xhibits and other evidentiary materials attached to a party's brief on the case can be given no consideration unless they were properly made of record during the time for taking testimony." Relying on 37 CFR § 2.123(l) that "[e]vidence not obtained and filed in compliance with [the rules] will not be considered," the Board stated that the exhibits Bishop had attached to his notices of opposition and his trial briefs were not timely submitted. Board Decision at 1. The Board ruled that even though Flournoy had not filed a response to Bishop's trial brief, Bishop had failed to prove his opposition by a

---

[1] As stated in T.B.M.P. § 704.02:

Certain types of evidence, such as official records and printed publications as described in 37 CFR § 2.122(e), need not be introduced in connection with the testimony of a witness but may instead be made of record by filing the materials with the Board under cover of one or more notices of reliance during the testimony period of the offering party. A notice of reliance is essentially a cover sheet for the materials sought to be introduced. This cover sheet is entitled 'notice of reliance' and it serves, as the title suggests, to notify opposing parties that the offering party intends to rely on the materials submitted thereunder in support of its case. The notice of reliance must include a description of the proffered materials and, in some instances, must indicate the relevance of those materials to the case.

preponderance of evidence, stating that Bishop "has not proven [his] standing or any pleaded ground for relief." Board Decision at 2. Specifically as to his pleaded grounds for relief, the Board found that Bishop:

> has not proven that [he] has any prior trademark right upon which [his] claims of damage or likelihood of confusion may be predicated. Further, [he] has not proven the falsity of any statement made by applicant during prosecution of the subject applications or that such statements were made with the requisite intent to support opposer's claim of fraud.

Board Decision at 2 n.2. The Board did not mention Flournoy's admissions.

Bishop timely appealed. Flournoy did not file a brief. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

"To successfully prosecute an opposition, the opposer must plead and prove two things: (1) that it has standing to oppose in that it is likely to be damaged by a registration of the applicant's mark; and (2) that there are valid grounds why the applicant is not entitled under law to register the mark he claims." 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 20:3 (West 2008). We review the Board's legal determinations de novo and its factual findings for substantial evidence. In re Bose, 476 F.3d 1331, 1334 (Fed. Cir. 2007).

Standing is a question of law that we review de novo. Isr. Bio-Eng'g Project v. Amgen, Inc., 475 F.3d 1256, 1262-63 (Fed. Cir. 2007). "A petition to cancel a registration of a mark" may be filed "by any person who believes that he is or will be damaged . . . by the registration of a mark . . . ." 15 U.S.C. § 1064. To establish standing to file such a petition, Bishop needed only to plead and prove facts showing that he has "a real interest in the proceedings and [has] a reasonable basis for his belief

of damage." See Ritchie v. Simpson, 170 F.3d 1092, 1095 (Fed. Cir. 1999) (quotation marks omitted). This is not a rigorous requirement, as statutory standing requires only that the party seeking cancellation reasonably believe that it is likely to be damaged by the registration. Cunningham v. Laser Golf Corp., 222 F.3d 943, 945 (Fed. Cir. 2000).

Bishop argues that Flournoy's admissions prove that Bishop has standing. The rules specifically recognize that "statements in pleadings may have evidentiary value as admissions against interest by the party that made them." T.B.M.P. § 704.06(a). Flournoy admitted that she had knowledge that Bishop had been using both of the marks on his original artwork. Flournoy also admitted that the category in which she filed for these trademarks includes original artwork.

While we agree that the Board was not required to consider Bishop's untimely submitted evidence, the admissions made by Flournoy may have been sufficient to establish standing and fraud or likelihood of confusion. The Board did not specificially address whether Flournoy's admissions were sufficient to establish Bishop's standing and request for relief. Rather than decide on appeal whether the admissions are sufficient, we remand for the Board to address in the first instance whether the admissions satisfied Bishop's burden of proof.