This Opinion Is a
Precedent of the TTAB

Mailed: March 5, 2021

UNITED STATES PATENT AND TRADEMARK OFFICE

————

Trademark Trial and Appeal Board

————

*In re SolarWindow Technologies, Inc.*

————

Serial No. 87819480

————

John J. Dresch of Dresch IP Law, PLLC,
    for SolarWindow Technologies, Inc.

Loksye Lee Riso, Senior Examining Attorney, Law Office 110,
    Chris A. F. Pedersen, Managing Attorney.

————

Before Taylor, Wellington, and Greenbaum, Administrative Trademark Judges.

Opinion by Wellington, Administrative Trademark Judge:

SolarWindow Technologies, Inc. ("Applicant") seeks registration on the Principal Register of the standard character mark POWERCOATINGS for "electricity generating coatings applied to various substrate surfaces for use in renewable energy, namely, chemicals for use in connection with solar cells" in International Class 1.[1]

The Examining Attorney refused registration on the ground that the mark is merely descriptive under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1).

---

[1] Application Serial No. 87819480, filed March 4, 2018, under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b), based on an allegation of a bona fide intention to use the mark in commerce.

The Examining Attorney also asserts that "the doctrine of res judicata precludes re[-]litigation of the descriptiveness issue," based on a prior adjudication by the Board involving the same mark and goods.

## I. Background – Prior Decision

In 2014, Applicant filed an application ("Prior Application") to register the same mark in connection with the same goods at issue in this proceeding.[2] In the Prior Application, a refusal based on mere descriptiveness was affirmed by the Board on appeal on July 13, 2016 ("Prior Decision").[3] Applicant did not appeal the Prior Decision and the Prior Application was abandoned on October 17, 2016.

Applicant now is essentially taking a "second bite" at acquiring a registration by filing the application at issue ("Present Application") less than two years after the Prior Decision.[4] Once again, the Examining Attorney[5] made the mere descriptiveness refusal final. Applicant appealed and filed an appeal brief.[6]

Thereafter, the Examining Attorney requested remand of the Present Application from Board jurisdiction so that she could "issue a new ground for refusal based on res

---

[2] Application Serial No. 86337722, filed on July 15, 2014 and also based on an allegation of a bona fide intention to use the mark in commerce under Section 1(b).

[3] Prior Decision (Application Serial No. 86337722 at 8 TTABVUE). The Prior Decision was a final decision. *See In re Info. Builders Inc.*, 2021 USPQ2d 228, at *1 n.1 (TTAB 2021) (defining "final decision" as a final dispositive ruling that ends litigation on the merits before the Board).

[4] To be clear, Applicant is not claiming a new or different basis for registration in this case, e.g., acquired distinctiveness under Section 2(f), or seeking registration on the Supplemental Register.

[5] The same Examining Attorney assigned to the Present Application also examined the Prior Application.

[6] 1 TTABVUE (appeal); 4 TTABVUE (Applicant's appeal brief).

judicata," resulting from the Prior Decision.[7] The Board granted remand and the Examining Attorney made the res judicata refusal final based on the Prior Decision, while maintaining the finality of the Section 2(e)(1) mere descriptiveness refusal.[8]

Once the Board resumed the appeal, Applicant was allowed time to file a supplemental brief "directed only to the additional ground for refusal of registration [res judicata], if it so desires."[9] Applicant did not file a supplemental brief.[10]

The Examining Attorney then filed a brief on both the mere descriptiveness refusal and res judicata.[11] Applicant did not file a reply brief.

## II. Res Judicata Based on the Prior Decision

The Examining Attorney correctly notes that "the mark in the subject application and in the prior application are identical and are for identical goods."[12] The Examining Attorney further asserts that:[13]

> The prior application was refused registration pursuant to
> Section 2(e)(1) of the Trademark Act on the ground that

---

[7] 6 TTABVUE (Examining Attorney's Request for Remand).

[8] March 10, 2020 Office Action.

[9] 10 TTABVUE 1.

[10] Although we do not have a brief from Applicant addressing the issue of res judicata, we have considered the entire prosecution file. This includes Applicant's response filed February 14, 2020, which is discussed *infra* and contains Applicant's arguments against the application of res judicata.

[11] 12 TTABVUE (Examining Attorney's brief). We note that the Examining Attorney, in her brief, maintained an objection to evidence that Applicant submitted with its response filed after remand on the basis that it is "irrelevant to the res judicata issue and is objected to as untimely, to the extent it is offered in further support of its arguments against the pending Section 2(e)(1) issue on appeal." Office Action issued March 10, 2020 at TSDR 1. The Examining Attorney's objection is denied to the extent that we consider the evidence solely for purposes of determining the issue of res judicata.

[12] 12 TTABVUE 6.

[13] *Id.* at 7.

> POWERCOATINGS is merely descriptive as applied to the goods. The Board affirmed the refusal in a decision issued on July 13, 2016. In view of all the foregoing, res judicata precludes re[-]litigation of the issue of mere descriptiveness under Section 2(e)(1) in the instant case because there is identity of the parties, the Board entered a judgment on the merits, and the facts of the instant case are the same.

Upon remand for consideration of the res judicata issue and in response to an Office Action, Applicant makes the following statements:[14]

> Applicant respectfully traverses the assertion that the present claim is barred by res judicata because no conditions have changed since the Trademark Trial and Appeal Board rendered their earlier final judgment on the merits, and that the applicant's present claim, i.e., that POWERCOATINGS is not merely descriptive, is based on the same set of facts as the previously adjudicated claim, and respectfully requests reconsideration in view of the following remarks.

> Applicant respectfully submits that additional facts are submitted herewith to support Applicant's additional traversal arguments submitted in the Reply filed on [October 9, 2018] and Appeal Brief filed on [July 12, 2019], and that such additional facts have not been previously considered or adjudicated, and therefore, the present claim is not barred by res judicata.

Applicant attached evidence to its response as arguably showing that its proposed mark, POWERCOATINGS, is not merely descriptive because: (1) it is similar in appearance and sound to "powder coating," and thus (2) the proposed mark will be "associated with, or used in conjunction with, the term 'powder coating' in the powder coating industry."[15] Applicant, however, does not specify how these "additional facts"

---

[14] Response to Office Action filed February 14, 2020, TSDR p. 1.

[15] *Id.*

present new circumstances or whether the evidence it relies upon was unavailable when the Board previously adjudicated the issue of mere descriptiveness of Applicant's mark in the Prior Decision.

Under the doctrine of res judicata (also frequently referred to as "claim preclusion"), "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *In re Bose Corp.*, 476 F.3d 1331, 81 USPQ2d 1748, 1752 (Fed. Cir. 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). In *Bose*, the Court of Appeals for the Federal Circuit affirmed the Board's application of res judicata in an ex parte appeal that was based on an earlier decision by the Board which was also affirmed by the Federal Circuit.[16] The Court noted "there is no dispute that the same applicant . . . is involved in the prior and present proceedings and that there was a prior final judgment on the merits. . . . Thus, the general prerequisites of res judicata have been satisfied." 81 USPQ2d at 1752. The Court also considered and rejected the applicant's assertion of "facts and circumstances [that] have changed and were not considered in the prior proceeding such that application of res judicata in this appeal is not appropriate." *Id.*; *See also* TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") § 1217 (Oct. 2018) ("A plaintiff is barred by res judicata from bringing a second action if: '(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of

---

[16] In the earlier *Bose* proceeding, the Board found the applicant's mark was functional and this determination was upheld by the Federal Circuit. *In re Bose Corp.*, 772 F.2d 866, 227 USPQ 1 (Fed. Cir. 1985).

transactional facts as the first.'") (quoting *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 107 USPQ2d 1167, 1171 (Fed. Cir. 2013))).

We are cognizant, however, that the Court in *Bose* also "warned that particular 'caution is warranted in the application of [claim] preclusion by the PTO, for the purposes of administrative trademark procedures include protecting both the consuming public and the purveyors.'" *In re Bose*, 81 USPQ2d at 1752 (quoting *Mayer/Berkshire Corp. v. Berkshire Fashions Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005)). "[R]es judicata is not applicable where 'it is apparent that all the questions of fact and law involved … [in the second proceeding] were not determined in the previous proceeding.'" *Id.* (quoting *Litton Indus., Inc. v. Litronix, Inc.*, 577 F.2d 709, 198 USPQ 280 (CCPA 1978) (internal citation omitted)). *Cf. In re Anderson*, 101 USPQ2d 1912, 1916 (TTAB 2012) (issue preclusion found inapplicable due to differences between the mark FUTURE MOTORS involved in the ex parte proceeding and the mark FUTURE at issue in a final judgment previously adjudicated in an inter partes case).

Prior to *Bose*, in *In re Honeywell Inc.*, 8 USPQ2d 1600 (TTAB 1988), the Board addressed the question of whether a prior final judgment arising out of an ex parte case should have preclusive effect on a future application filed by the same applicant.[17] The Board reasoned in that case,

---

[17] The applicant in *Honeywell* was seeking registration, for the second time, of a mark described as the configuration of a thermostat cover. The applicant had sought to register a very similar configuration mark for a thermostat cover 17 years earlier. With respect to the first application, the Board ultimately determined that the mark was functional, *In re*

6

> [i]n general, there is nothing to preclude an applicant from attempting a second time in an ex parte proceeding to register a particular mark if conditions and circumstances have changed since the rendering of the adverse final decision in the first application. The question generally in the second proceeding is whether changes in facts and circumstances do exist and, if so, whether they can support the registration sought.

*Id.* at 1601-02. The Board found that the applicant in *Honeywell* was not precluded from seeking registration a second time, specifically noting that significant time had passed since the first decision and changes in factual circumstances that were crucial to the functionality refusal to registration of the applicant's mark:

> [C]onditions have changed since its prior application was refused registration, such that there are now additional facts which would have a bearing on applicant's right to register the thermostat cover configuration. Specifically, applicant has stated that the present record reflects what has happened in the marketplace in the 17 years since the record of the original application closed and since applicant's design patent on the configuration expired. We think that this evidence is certainly relevant to the issue of the need of competitors to use this configuration to compete effectively, and to the question of the availability to competitors of alternative designs, one of the four evidentiary factors [involved in functionality refusal].

*Id.* at 1602. *See also In re Morton-Norwich Prods.*, 671 F.2d 1332, 213 USPQ 9, 18 (CCPA 1982) ("[T]rademark rights are not static and … the right to register must be determined on the basis of the factual situation as of the time when registration is being sought.").

---

*Honeywell, Inc.*, 187 USPQ 576 (TTAB 1975), and the Court of Customs and Patent Appeals affirmed. *In re Honeywell, Inc.*, 772 F.2d 871, 189 USPQ 343, 344 (CCPA 1976).

The Board previously adjudicated whether Applicant's mark is merely descriptive of the involved goods. The Prior Decision issued less than 20 months before Applicant filed the Present Application for the same mark and for the same goods. Applicant argued to the Examining Attorney that there are now "additional facts" that prevent res judicata. But pointing to additional facts or even making a more persuasive argument based on those facts does not avoid preclusion from an earlier decision. *Cf. SynQor, Inc v. Vicor Corp.*, No. 2019-1704, ___ F.3d ___, 2021 USPQ2d 208, at \*12 (Fed. Cir. Feb. 22, 2021) ("A losing party does not get a second bite at the apple simply because they can find [] new and arguably more persuasive" evidence to present in the second proceeding.). Rather, the losing party must demonstrate a material change in the relevant conditions or circumstances, and we are not persuaded that there have been any such changes since the Prior Decision. Applicant's arguments raised in its response to the Examining Attorney's assertion of res judicata are, at best, alternative arguments why it believes its mark is not merely descriptive of its goods. *See Bose*, 81 USPQ2d at 1752 (rejecting argument that new evidence in the form of applicant's new promotional materials "represent a changed circumstance such that we should bar application of the doctrine of res judicata"); *Honeywell*, 8 USPQ2d at 1601-02.

We acknowledge Applicant's argument that "even with the device in full view and even with knowledge of the product being a coating, a prospective consumer may at first be confused, for example, as to whether the mark is referring to a type of protective coating or finish applied to the product or a type of method for applying a

protective coating or finish, or whether the mark simply is a misspelling of the term 'powder coating.'"[18] Even if this was not argued during the prosecution of the Prior Application, and is supported by evidence, it does not represent a change of circumstances or conditions. As mentioned, Applicant has not shown that possible consumer confusion with Applicant's proposed mark, POWERCOATINGS, and the wording "powder coating" was not an available argument during the prosecution of the Prior Application. **In other words, Applicant does not demonstrate the required material change of circumstances or conditions merely by bringing up a new argument which could have been made during the prosecution of Applicant's Prior Application**.[19] It was incumbent upon Applicant to put its best foot forward by presenting during prosecution of the Prior Application all arguments that it believed could overcome the descriptiveness refusal. *Cf. CTRL Sys. Inc. v. Ultraphonics of N. Am. Inc.*, 52 USPQ2d 1300, 1302 (TTAB 1999) (citing *Williams v. The Five Platters, Inc.*, 510 F.2d 963, 184 USPQ 744 (CCPA 1975), *aff'g* 181 USPQ 409 (TTAB 1974) (holding a party and its attorney responsible for remaining diligent in proceedings, and inaction will not excuse the party so as to provide the party another day in court).

Considering the record in its entirety, we find that the same applicant, mark, and goods are involved in both the prior and present proceedings and the Prior Decision

---

[18] Response to Office Action filed February 14, 2020, TSDR p. 1.

[19] We note further that this principle has been held to apply even if the new argument shows that the first decision was wrong. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) (preclusion doctrines "prevent relitigation of wrong decisions just as much as right ones") (citations omitted).

was a final judgment on the merits, i.e., the mere descriptiveness of the identical proposed mark. Thus, the prerequisites for res judicata have been satisfied. *In re Bose*, 81 USPQ2d 1752. In addition, there has been no change of conditions or circumstances so as to justify not applying res judicata based on our Prior Decision. *Cf. In re Honeywell*, 8 USPQ2d at 1601-02. Therefore, res judicata applies in this case and this precludes re-litigation of the issue of descriptiveness under Section 2(e)(1).

**Decision**:    The refusal to register the proposed mark is affirmed.