**VITALINE CORPORATION, Appellant,**

v.

**GENERAL MILLS, INC., Appellee.**

**No. 89–1397.**

United States Court of Appeals, Federal Circuit.

Dec. 7, 1989.

---

James H. Laughlin, Jr., Benoit, Smith & Laughlin, Arlington, argued, for appellant. With him on the brief was John C. Smith, Jr.

Jeffery A. Handelman, William Brinks Olds Hofer Gilson & Lione, Chicago, Ill., argued, for appellee. With him on the brief was Dean A. Olds. Also on the brief was Richard M. Berman, Sr. Associate Counsel, General Mills, Inc., Minneapolis, Minn., of counsel.

Before MAYER, Circuit Judge,
BENNETT, Senior Circuit Judge, and
MICHEL, Circuit Judge.

MICHEL, Circuit Judge.

This is an appeal from a decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board (TTAB), dated February 2, 1989, Cancellation No. 17,243, granting summary judgment for General Mills, Inc. (General Mills) on the bases of claim preclusion and Trademark Rule 2.114, and dismissing with prejudice Vitaline Corporation's (Vitaline's) petition for cancellation of General Mills' trademark Registration No. 1,119,067. We affirm.

## BACKGROUND

In 1988 Vitaline petitioned for cancellation of General Mills' Registration No. 1,119,067 of the word mark TOTAL used in connection with "a multi-vitamin and iron supplement" on the theory of abandonment. *Vitaline Corp. v. General Mills, Inc.*, Cancellation No. 17,243 (TTAB filed June 16, 1988) [hereinafter *Vitaline*]. Three years before, General Mills had filed a petition to cancel Vitaline's registration of its TOTAL mark. *See General Mills, Inc. v. Vitaline Corp.*, Cancellation No. 14,721 (TTAB filed January 31, 1985) [hereinafter *General Mills*]. In *General Mills* Vitaline counterclaimed alleging General Mills fraudulently obtained its mark. In its counterclaim, Vitaline relied on General Mills' Sections 8 and 15 affidavit and related specimens, submitted January 15, 1985, to demonstrate fraud. Vitaline stated that "the product submitted to support such affadavits [sic] listed the goods as toasted whole grain wheat flakes multi-vitamin and iron supplement *cereal*" and therefore registration for multi-vitamin and iron supplements was fraudulently obtained. Registrant's Answer/Counterclaim for Cancellation ¶ 26, *General Mills*, Cancellation No. 14,721 (TTAB answer filed Aug. 26, 1985) (emphasis added). TTAB granted summary judgment for General Mills on the counterclaim and dismissed it with prejudice. *Id.* (TTAB Mar. 4, 1987).

In the cancellation proceeding now on appeal, Vitaline cites the very same affidavit and specimens it previously relied on to allege fraud, this time to allege abandonment. Vitaline states that:

the specimens attached to the affidavit show the mark used on a "cereal", namely, a "multi-vitamin and iron supplement cereal." A cereal is not a pharmaceutical.... Clearly, the Affidavit under Sections 8 and 15 filed by General Mills does not demonstrate continuous use of the mark TOTAL on a pharmaceutical....

Brief in Support of Petition Under 15 U.S.C. § 1064(c) to Cancel Registration at 7, *Vitaline*, Cancellation No. 17,243 (TTAB filed June 16, 1988).

## ISSUE

Whether the TTAB appropriately granted summary judgment on the bases of claim preclusion and Trademark Rule 2.114(b)(2)(i).

## OPINION

Vitaline's claim of abandonment could have been included as a counterclaim in the first proceeding since the essential facts, derived from the affidavit and specimens, were known to Vitaline before it filed its answer. Claim preclusion and Trademark Rule 2.114(b)(2)(i) prevent Vitaline from now raising the abandonment theory.

### I. *Claim Preclusion Under Judicial Precedent*

Res judicata is a judicially created doctrine, *see* Restatement (Second) of Judgments 5–6 (1982), which the TTAB has re-

peatedly adopted as governing its proceedings. *See, e.g., Foodland, Inc. v. Foodtown Super Markets, Inc.*, 138 USPQ 591, 593 (TTAB 1963). In this case the TTAB ruled res judicata, in the form of claim preclusion, applies. We agree. Claim preclusion occurs:

[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments § 24(1) at 196.

Under claim preclusion a plaintiff is barred from a "subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief." *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314, 219 USPQ, 1142, 1151 (Fed.Cir.1983); *see Chromalloy Am. Corp. v. Kenneth Gordon, Ltd.*, 736 F.2d 694, 697, 222 USPQ 187, 189–90 (Fed.Cir.1984).

Vitaline seeks to relitigate the claim of non-use of General Mills' TOTAL "pharmaceutical mark," originally asserted as showing fraud, by asserting a new theory, abandonment. But its theories of abandonment and fraud both rely upon the same transactional facts: General Mills' use of the pharmaceutical form of its TOTAL mark, which is separately registered from the cereal form, on product containers referring to "multi-vitamin and iron supplement *cereal*" rather than "multi-vitamin and iron supplements."

■ Although abandonment requires both non-use and intent not to resume use of the mark, the element of intent can be established inferentially by the same facts that establish non-use. Indeed, the Lanham Act provides that a prima facie case of abandonment is established upon proof of non-use for two years. *See* 15 U.S.C. § 1127(a) (1982). Here, over two years passed between the filing of the Sections 8 and 15 affidavit, revealing apparent abandonment of the pharmaceutical mark, and Vitaline's assertion of abandonment. Yet, the affidavit demonstrated how General Mills "used" the mark at least as of January, 1985, if not also for the prior five years, the period covered by that affidavit. Indeed, the 1987 deposition of Mr. James A. Miller, a General Mills employee, confirmed that the word "cereal" began appearing on General Mills' product containers perhaps as early as 1982.

Vitaline's theories of abandonment and fraud are not only based upon the same transactional facts—use of the mark on product containers in connection with certain wording, but rely on the very same proof—the affidavit and specimens. The abandonment theory clearly could have been brought in the original proceeding because Vitaline had access to the affidavit and related specimens as of January, 1985, and when it filed its counterclaim in August, 1985, Vitaline could even have plausibly argued there was a statutory presumption of abandonment. Therefore, our court's precedent on claim preclusion requires barring Vitaline from now asserting abandonment in a separate and subsequent proceeding.

II. *Failure to Plead a Compulsory Counterclaim*

■ As the TTAB recognized, Trademark Rule 2.114(b)(2)(i) provides an alternative ground for grant of summary judgment. The rule states that a defense attacking validity of a registration:

shall be a *compulsory counterclaim* if grounds for such counterclaim exist at the time when the answer is filed. If grounds for a counterclaim are known to respondent when the answer to the petition is filed, the *counterclaim shall* be pleaded with or as part of the *answer*. If grounds for a counterclaim are learned during the course of the cancellation proceeding, the *counterclaim shall* be pleaded *promptly* after the grounds therefor are learned.

*Id.* (emphasis added).

Vitaline conceded in the TTAB in the proceeding now on appeal that General

Mills filed its Sections 8 and 15 affidavit and specimens seven months before Vitaline filed an answer in the first proceeding. Enough facts, therefore, existed and were known to Vitaline at the time Vitaline filed its answer in the original proceeding for it to allege a counterclaim of abandonment. Despite the clear requirements of the rule, it failed to do so.

Vitaline argues, however, that it could not responsibly have alleged abandonment until after June of 1987 when the Miller deposition was taken. Even assuming, without deciding, that abandonment could not be pled until after the deposition, Vitaline apparently failed to comply with Trademark Rule 2.114(b)(2)(i) because the rule requires prompt pleading of a counterclaim once grounds for the counterclaim are learned. In this instance Vitaline waited approximately one year, until June of 1988, to file an abandonment claim. Moreover, Vitaline erroneously filed a new cancellation petition rather than asserting a counterclaim of abandonment in the first proceeding, as required by the rule.

Without deciding whether Vitaline's action here was prompt, which we regard as a determination to be made by the board in the first instance, the rule requiring the pleading of *counter* claims is clearly violated by an assertion of the abandonment theory, not as a *counter* claim in the original proceeding, but as a purportedly new claim in a separate proceeding. The rule would be a nullity if the TTAB or we were to allow Vitaline to pursue its petition for cancellation based solely on a claim of abandonment, under these circumstances.

## CONCLUSION

On grounds both of general claim preclusion under our cases and for violation of the rule, the grant of summary judgment was proper and therefore the decision of the TTAB is

AFFIRMED.