64 F.3d 676
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph Matthews MALONE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5089.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1995.
 
 Before ARCHER, Chief Judge, PLAGER and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 On October 22, 1984, petitioner was removed from his position with the Internal Revenue Service (agency) for unacceptable performance. On October 24, 1991, petitioner filed suit in the then Claims Court, contesting his removal and seeking reinstatement and back pay. The Claims Court, in an Order dated July 30, 1992, dismissed petitioner's complaint for lack of subject matter jurisdiction. Malone v. United States, Civil No. 91-1542C (Cl.Ct.1992).
 
 
 2
 On September 26, 1994, petitioner filed a second action--the one giving rise to this appeal--in the Court of Federal Claims. In his complaint, petitioner again sought back pay albeit under a different theory. According to petitioner, the agency's March 25, 1987 issuance of corrected SF-50's retroactively reinstated his employment with the agency thereby entitling him to back pay from the time of his reinstatement. In an Order dated February 13, 1995, the Court of Federal Claims concluded that petitioner's case was barred by the doctrine of res judicata, and therefore the court dismissed petitioner's complaint pursuant to Rule 12(b)(4) of the Rules of the Court of Federal Claims for failure to state a claim upon which relief may be granted.
 
 
 3
 The Court of Federal Claims properly concluded that this case is barred by res judicata. Although petitioner's theory for recovery in this second action may be different, his claim for back pay arises out of the same transactional facts surrounding his prior suit for reinstatement and back pay, namely his removal for unacceptable performance. Vitaline Corp. v. General Mills, Inc., 891 F.2d 273, 275 (Fed.Cir.1989). Accordingly, we affirm.
 
 
 4
 In view of the prior history of this matter,[1] petitioner is advised that further efforts to relitigate in the Court of Federal Claims this cause which has now been definitively decided, would be frivolous, and would subject petitioner to possible monetary penalty.
 
 
 
 [1]
 Since being removed, petitioner has also unsuccessfully challenged the agency's action in numerous other fora, including the Merit Systems Protection Board, the United States District Court for the Central District of California, the Equal Employment Opportunity Commission, and the General Accounting Office