**THIS OPINION IS A PRECEDENT OF THE T.T.A.B.**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
P.O. Box 1451
**Alexandria, VA  22313-1451**

MBA

Mailed:  December 28, 2010

Cancellation No. 92050739

Orouba Agrifoods Processing Company

v.

United Food Import

**Before Bucher, Kuhlke and Taylor, Administrative Trademark Judges**

**By the Board:**

On July 29, 2009, the Board suspended this proceeding pending final disposition of a civil action between the parties.  On August 13, 2010, the Board inquired about the status of the civil action, and allowed the parties time in which to inform the Board of the status of that action, failing which, the Board indicated, it would decide the motion to dismiss pending in this proceeding.  Inasmuch as the parties have not filed a response to the August 13, 2010 order, we now take up for consideration respondent's "motion to dismiss" the petition for cancellation on the ground of claim preclusion or res judicata, filed May 4, 2009. Because respondent's motion is based on materials from outside the pleadings, it is in fact a motion for summary judgment.  TBMP § 528.04 (2d ed. rev. 2004).  While the

parties have not yet exchanged initial disclosures, because the basis for respondent's motion is res judicata, the motion is timely under Trademark Rule 2.127(e)(1). Petitioner contests the motion.

Background

This is the second proceeding between the parties relating to respondent's mark shown below



which is registered for frozen fruit and vegetables (the "Registration").[1]  In this proceeding, petitioner seeks to cancel the Registration alleging:  (1) prior use of an identical mark beginning "in late 1999"; (2) ownership of a pending application to register the mark shown below for preserved, dried and cooked fruits and vegetables and other food products which has been refused registration based on the Registration

---

[1]     Registration No. 3398369, with GREEN MOLOKHIA, 400g and the photograph of green leafy vegetables disclaimed, issued March 18, 2009 based on dates of first use of January 1, 1998 for "frozen fruit and vegetables, namely, okra, molokhia, artichokes, green peas, green beans, mixed vegetables, cauliflower, colcassia, also known as taro root, green spinach, broad beans vine leaves also known as grape leaves, falafel, broccoli, strawberries, sweet

; [2]

(3) that respondent was petitioner's authorized importer from 1998-2005 and the "parties understood that the 'BASMA' marks … were owned by Petitioner …"; (4) that use of respondent's mark will cause confusion with petitioner's marks; (5) the mark in respondent's Registration "may falsely suggest a connection with Petitioner"; (6) fraud, including because respondent had "actual knowledge of … Petitioner's prior rights" at the time respondent filed its application; and (7) misrepresentation of source.

In the first proceeding, Opposition No. 91172895, petitioner herein filed a notice of opposition against the application that matured into the Registration. In that proceeding, petitioner alleged: (1) prior use of BASMA "in various word and design formats, including as represented by the Mark" in respondent's Registration; (2) ownership of the same application pled in this proceeding; (3) that

---

corn, carrots, coriander, garlic, potatoes." The foreign word BASMA is translated as "smile" in English.

[2] Application Serial No. 78870359, filed April 26, 2006, based on a claimed date of first use in commerce of February 17, 2003 for "Meat, fish, poultry; meat extracts; preserved, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs, milk and milk products excluding ice cream, ice milk and frozen yogurt; edible oils and fats." The foreign word BASMA is also translated as "smile" in this application.

respondent was petitioner's authorized importer beginning in 1998, and the "parties understood that the 'BASMA' marks … were owned by" petitioner; (4) respondent had "actual knowledge of … [petitioner's] prior rights," and respondent's claim of ownership in its application was "false"; (5) respondent "is not the owner of the Mark identified in the Application, and … based its Application on a false verification"; and (6) petitioner "reasonably believes that [respondent's] Application will be cited against [petitioner's] Application …."  In its answer, respondent denied the salient allegations in the notice of opposition.

On December 29, 2007, after petitioner failed to timely file its brief on the case in the prior opposition, or more importantly to take testimony or submit any evidence in support of its claims, the Board issued an order to show cause pursuant to Trademark Rule 2.128(a)(3) why petitioner's failure to file a brief should not be treated as a concession of the case.  The show cause order warned that if petitioner failed to respond, judgment could be entered against it.  On February 12, 2008, after petitioner failed to respond to the show cause order, the Board entered judgment against petitioner and dismissed the prior opposition with prejudice.  Respondent's involved

4

application then issued as the Registration involved in this proceeding.

The Parties' Contentions

In its motion for summary judgment, respondent argues that although the petition for cancellation "is slightly more detailed than [petitioner's] prior Opposition, the claims and factual allegations are essentially identical." In fact, according to respondent, petitioner's claims of priority and likelihood of confusion, false suggestion of a connection and misrepresentation of source in this proceeding "all relate" to petitioner's allegation here, as in the opposition, that respondent "is not the owner of the subject mark." Therefore, respondent argues that petitioner "is asserting the same set of transactional facts as were asserted in its prior Opposition proceeding," and "there is nothing in the pending Cancellation petition that could not have been raised in the earlier Opposition."

Petitioner argues in response that the Board "may have rendered a final decision on the Opposition proceeding, but it did so without reaching the substantive merits of the case." Petitioner further argues that this proceeding is based on a different set of transactional facts than the opposition, because the petition for cancellation "includes allegations that the petitioner is the senior user, that [respondent's] use creates consumer confusion and that the

[respondent] failed to take steps to prevent consumer confusion." In addition, petitioner claims that its petition for cancellation includes allegations which "were discovered subsequently or only developed subsequently," including

> the nature of use of the marks in commerce, the characteristics of the end users, and the goods sold by each party. The facts exacerbating the false suggestion between the [respondent] and the petitioner, including the development of the [respondent's] website, were not alleged in the Opposition. The scope of the Petitioner's brand recognition is also a new factual allegation in the earlier Opposition.

Finally, petitioner claims that "[g]iven the grave allegations of this case, i.e., the misappropriation of a mark by a distributor, the merits of the case should be considered."

<u>Decision</u>

Summary judgment is only appropriate where there are no genuine issues of material fact in dispute, thus allowing the case to be resolved as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact, and that it is entitled to a judgment under the applicable law. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Sweats Fashions, Inc. v. Pannill Knitting Co. Inc.</u>, 833 F.2d 1560, 4 USPQ2d 1793, 1796 (Fed. Cir.

1987). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. See Opryland USA Inc. v. Great American Music Show Inc., 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); Olde Tyme Foods, Inc. v. Roundy's, Inc., 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992).

The evidence on summary judgment must be viewed in a light most favorable to the non-movant, and all justifiable inferences are to be drawn in the non-movant's favor. Lloyd's Food Products, Inc. v. Eli's, Inc., 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); Opryland USA, 23 USPQ2d at 1472. The Board may not resolve issues of material fact; it may only ascertain whether issues of material fact exist. See Lloyd's Food Products, 25 USPQ2d at 2029; Olde Tyme Foods, 22 USPQ2d at 1542.

Under the doctrine of res judicata or claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Jet, Inc. v. Sewage Aeration Systems, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979)). "For claim preclusion based on a judgment in which the claim was not litigated, there must be (1) an identity of the parties or their privies, (2) a final

7

judgment on the merits of the prior claim, and (3) the second claim must be based on the same transactional facts as the first and should have been litigated in the prior case." Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368, 79 USPQ2d 1376, 1378 (Fed. Cir. 2006).

Here, the pleadings reveal that the parties in the two proceedings are identical. Petitioner does not contend otherwise.

While petitioner claims that the Board did not reach "the substantive merits" of the prior opposition proceeding, the Board's February 12, 2008 order dismissed petitioner's notice of opposition with prejudice, and entered judgment against petitioner. For claim preclusion purposes, the Board's order is a final judgment on the merits. International Nutrition Co. v. Horphag Research, Ltd., 220 F.2d 1325, 55 USPQ2d 1492, 1494 (Fed. Cir. 2000) ("default judgments can give rise to res judicata … INC therefore cannot avoid the bar of res judicata on the ground that [its predecessor-in-interest's previous] opposition was abandoned and dismissed for failure to prosecute").

Petitioner argues, however, that the purpose of the show cause order issued in the prior opposition pursuant to Trademark Rule 2.128(a)(3) was "to save the Board the burden of determining a case on the merits," citing TBMP § 536. However, as noted above, even default judgments for failure

to answer, or dismissals for failure to prosecute, where there has been no decision "on the merits," can act as a bar under the doctrine of claim preclusion. Horphag Research, 220 F.3d at 1325, 55 USPQ2d at 1492. The language in Section 536 of the TBMP upon which petitioner relies merely relates to the Board's preference to dispose of cases which have settled, or in which the plaintiff has lost interest, without "the burden of determining a case on the merits." While the Board's dismissal of the prior opposition would not be sufficient for issue preclusion purposes, it is a final judgment on the merits for purposes of claim preclusion. Young Engineers, Inc. v. U.S. International Trade Commission, 721 F.2d 1305, 219 USPQ 1142, 1151 (Fed. Cir. 1983) ("issue preclusion operates only as to issues actually litigated, whereas claim preclusion may operate between the parties simply by virtue of the final judgment").

Finally, there is no genuine issue that petitioner's claims in this proceeding are based on the same transactional facts as, and could have been litigated in, the prior opposition. Indeed, the prior opposition, like this proceeding, is based on petitioner's allegations of ownership and use of BASMA, and variations thereof, including the mark in the Registration. The prior opposition, like this proceeding, is based on petitioner's

allegations that respondent was merely petitioner's authorized importer, that petitioner retained ownership of the BASMA marks and that respondent had "actual knowledge" of petitioner's superior rights at the time it filed its application. And the prior opposition, like this proceeding, was based on the feared or actual rejection of petitioner's pending application based on respondent's Registration. Petitioner's argument that the petition includes allegations which "were discovered subsequently," is not credible given that they concern its own use of the mark and, in any event, these "new allegations" are simply the same transactional facts with more detail. Moreover, the argument that other allegations were "developed subsequently" is simply another way of saying they are positing a new legal theory on the same transactional facts.

Petitioner cannot avoid the application of claim preclusion by merely bringing additional claims in this proceeding based on the same transactional facts as the prior opposition. Vitaline Corp. v. General Mills Inc., 891 F.2d 273, 13 USPQ2d 1172, 1173 (Fed. Cir. 1989). In Vitaline, General Mills petitioned to cancel Vitaline's registration, and Vitaline counterclaimed to cancel one of General Mills's registrations based on fraud, relying on General Mills's "Sections 8 and 15 affidavit and related specimens" to support its fraud counterclaim. The Board

entered summary judgment in favor of General Mills on the fraud counterclaim.  Vitaline then filed a subsequent petition to cancel the same registration based on abandonment, and our primary reviewing court affirmed the Board's summary judgment in General Mills's favor on the ground of claim preclusion.  It held that "Vitaline's theories of abandonment and fraud are not only based upon the same transactional facts – use of the mark on product containers in connection with certain wording, but rely on the very same proof – the affidavit and specimens."  Id., 13 USPQ2d at 1174.  Here, while the grounds for the prior opposition did not include priority and likelihood of confusion, false suggestion of a connection or misrepresentation of source, all of these claims are based on the same facts alleged in the opposition, perhaps with slightly more detail.

In fact, given the factual allegations in the prior opposition, specifically, petitioner's alleged prior use and ownership of the BASMA marks, that respondent was petitioner's distributor and aware of petitioner's allegedly superior rights, and that respondent alleged use of the mark in the Registration for goods similar or related to those offered by petitioner, petitioner could (and should) have asserted each of these claims in the earlier case.  Id. ("The abandonment theory clearly could have been brought in

the original proceeding because Vitaline had access to the affidavit and related specimens" when it filed its fraud counterclaim); see also, Nasalok Coating Corp. v. Nylok Corp., 522 F.2d 1320, 86 USPQ2d 1369, 1371 (Fed. Cir. 2008) ("Claim preclusion refers to 'the effect of foreclosing any litigation of matters that never have been litigated, because of a determination that they should have been advanced in an earlier suit.'") (citations omitted); Horphag, 220 F.3d 1325, 55 USPQ2d at 1494-95 ("To the extent that the cancellation petition expands on the false declaration allegations made in the opposition, the differences between the two pleadings are not sufficient to differentiate the claims for res judicata purposes, particularly since there was nothing in the cancellation petition that could not have been alleged in the opposition.").[3]

Petitioner's assertion that the merits of this proceeding should be considered because of "the grave allegations of this case," does not persuade us of a different result. We recognize that "[c]aution is warranted in the application of preclusion by the PTO, for the

---

[3] Here, to the extent petitioner alleges that respondent's development of its Web site, after the earlier case terminated, constitutes "changed circumstances," we disagree. After prevailing in the first proceeding, respondent was entitled to move forward with use and development of its mark, without fear that petitioner could obtain a second bite at the apple based on immaterially changed transactional facts.

purposes of trademark procedures include protecting both the consuming public and the purveyors. … [thus], the circumstances for preclusion 'must be certain to every intent'." Mayer/Berkshire Corp. v. Berkshire Fashions Inc., 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005) (quoting Russell v. Place, 94 US (4 Otto) 606, 610 (1878)) (involving a federal court infringement action followed by a Board proceeding, and the presentation of "sufficient evidence" of "materially changed marketing practices" after conclusion of the federal case). However, in this case, there is no genuine issue of material fact regarding the identity of the parties, the finality of the judgment on the merits of the prior claim, and/or that the second claim is based on the same transactional facts. While the circumstances may in fact be that petitioner is the producer and respondent is the importer, petitioner had an opportunity to be heard on the merits in the opposition and simply allowed judgment to be entered against it by failing to go forward with its case. Moreover, petitioner has also had an opportunity to be heard in a civil action and was given an opportunity to inform the Board of the outcome of that civil action, which it has not done.

Conclusion

For all of these reasons, we find that there is no genuine issue of material fact and that petitioner's claims

13

in this proceeding are barred by res judicata. Accordingly, respondent's motion for summary judgment is hereby **GRANTED**, and the petition for cancellation is hereby **DISMISSED, WITH PREJUDICE.**

***