THIS OPINION IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

WINTER

Mailed:  March 10, 2011

Cancellation No. 92051714
Cancellation No. 92051790
Cancellation No. 92051821

Zoba International Corp.

v.

DVD Format / LOGO Licensing
Corporation

Before Seeherman, Bucher, and Cataldo,
Administrative Trademark Judges.

By the Board:

## Background

Zoba International Corp. ("petitioner" or "Zoba") seeks
to cancel three registrations[1] owned by DVD Format / LOGO
Licensing Corporation ("respondent" or "DVD FLLC") for the
following mark (hereafter, the "DVD LOGO"), which is

---

[1] U.S. Reg. No. 2295726, the subject of Cancellation No.
92051714, issued November 30, 1999 for "optical disc players,
compact discs containing digital information for display of
filmed products"; U.S. Reg. No. 2381677, the subject of
Cancellation No. 92051790, issued August 29, 2000 for "compact
discs containing digital information for display of filmed
products"; and U.S. Reg. No. 2711602, the subject of Cancellation
No. 92051821, issued April 29, 2003 for "Blank optical discs for
use through recording as carriers for data, sound, images,
computer games, computer programs and map information; personal
computers; optical disc readers; computer game equipment
containing memory devices, namely, optical discs; CD players;
hand-held karaoke players; digital video cameras; and digital
still video cameras."  The term "DVD" is disclaimed in all three
registrations.

identical in each of the registrations sought to be cancelled in this consolidated proceeding:



As grounds for cancellation, petitioner asserts claims of fraud and abandonment.  In lieu of filing answers, respondent filed motions to dismiss in each of the consolidated proceedings.[2]

**Respondent's Motions based on *Res Judicata***

DVD FLLC requests that the Board dismiss Zoba's fraud and abandonment claims in each proceeding on the basis that said claims are barred by the doctrine of *res judicata* (or claim preclusion).  In support of its motion, DVD FLLC asserts, *inter alia*, that the instant claims are virtually identical to petitioner's counterclaims that were previously dismissed with prejudice by stipulation and order in a prior civil action between the parties.[3]  In support of its motions, DVD FLLC

---

[2] Although these proceedings were consolidated by the Board in its February 9, 2010 order, petitioner filed a separate response to each motion to dismiss.  Respondent filed a single reply brief in regard to its motions to dismiss.

[3] *DVD Format / LOGO Licensing Corp. v. U-Tech Media USA LLC and Zoba International Corp., d/b/a CD Digital Card*, Case No. 09-CV-5461 brought in the United States District Court, Southern District of New York.  The Stipulation and Order of Dismissal

2

submitted a copy of petitioner's counterclaim in the prior civil action, and a copy of the Stipulation and Order of Dismissal. Respondent also argues that the asserted grounds of fraud and abandonment fail to state a claim for which relief may be granted.

Because the portions of respondent's motions regarding the issue of *res judicata* necessarily rely on matters outside of petitioner's three petitions, we previously informed the parties that they will be treated as motions for summary judgment[4] (see July 16, 2010 order). *See* Fed. R. Civ. P. 12(b). These portions of respondent's motions now are fully briefed. To the extent respondent's motions seek, in the alternative, relief under Federal Rule 12(b)(6) for failure to state a claim, consideration was deferred in the same prior order, pending completion of briefing. In this order, we address the portion of DVD FLLC's motions in which DVD FLLC argues that Zoba's claims are barred by claim preclusion, and conclude that summary judgment dismissing Cancellation Nos. 92051714 and 92051790 is warranted. In a separate order, we consider the question whether the petition in Cancellation No.

states, in relevant part, "that the Complaint and all of Plaintiff's claims, and the Answer and Counterclaims and all of Defendant's counterclaims in this action are dismissed with prejudice."

[4] Although respondent has not stated that it has served its initial disclosures on petitioner, our consideration of the subject motion as one for summary judgment is appropriate at this stage of the proceeding because it asserts claim preclusion. *See* Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1).

92051821 fails to state a claim upon which relief should be granted.

- ***Summary Judgment Standard***

Summary judgment is an appropriate method of disposing of cases in which there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

A party moving for summary judgment has the burden of demonstrating the absence of evidence to support the nonmoving party's case, and that it is entitled to judgment as a matter of law. *Sweats Fashions Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 4 USPQ2d 1793, 1795-1796 (Fed. Cir. 1987), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554 (1986). A factual dispute is genuine if, on the evidence of record, a reasonable finder of fact could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); and *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992). Additionally, "the record must be viewed in a light favorable to the party opposing the motion, and all justifiable inferences are to be drawn in the non-movant's favor." *Barmag Barmer Maschinenfabrik AG,* 731 F.2d 831, 836, 221 USPQ 561, 564 (Fed. Cir. 1984).

Under the doctrine of *res judicata*, the entry of a final judgment "on the merits" of a claim in a proceeding serves to preclude the relitigation of the same claim, cause of action, or defense, in a subsequent proceeding that involves the same parties or their privies, even when the prior judgment resulted from default, consent of the parties, or dismissal with prejudice. *See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (1955); *Chromalloy American Corp. v. Kenneth Gordon, Ltd.*, 736 F.2d 694, 222 USPQ 187, 189 (Fed. Cir. 1984); and *Flowers Indus. Inc. v. Interstate Brands Corp.*, 5 USPQ2d 1582 (TTAB 1987). The "claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose," *Vitaline Corp. v. General Mills Inc.*, 891 F.2d 273, 13 USPQ2d 1172, 1173 (Fed. Cir. 1989), and also includes those claims or defenses that could have been raised in the prior action, as long as they arise from the same series of transactional facts as those in the original claims. *See Acumed LLC v. Stryker Corp.,* 525 F.3d 1319, 1326 (Fed. Cir. 2008); and *Int'l Nutrition Co. v. Horphaq Research Ltd.*, 220 F.3d 1325, 1328, 55 USPQ2d 1492, 1494 (Fed. Cir. 2000).

A subsequent claim will be barred by claim preclusion if: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a

claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 55 USPQ2d 1854, 1857 (Fed. Cir. 2000), *reh'g* and *reh'g en banc denied* (Sept. 28, 2000), *citing Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979).

Before addressing whether there is any genuine dispute as to relevant facts and if the doctrine of *res judicata* bars Zoba's claims, we find it necessary to comment on whether, as respondent asserts, *Nasalok Coating Corp. v. Nylok Corp.*[5] is controlling with respect to whether petitioner's claims are barred by claim preclusion. We thus first briefly review that decision.

In *Nasalok*, the Court of Appeals for the Federal Circuit reviewed the Board's determination that Nasalok's claim of trademark invalidity as set forth in its petition to cancel Nylok's trademark registration was barred by *res judicata*. As background, the salient facts were that in a civil action between the same parties prior to the Board proceeding, the defendant Nasalok had failed to appear. As a result, the district court issued a default judgment against Nasalok and an injunction ordering Nasalok to cease use of the involved mark. On review of the Board's decision, the Federal Circuit

---

[5] 522 F.3d 1320, 86 USPQ2d 1369 (Fed. Cir. 2008).

reiterated the three-part test for claim preclusion discussed in *Jet*, *Inc. v. Sewage Aeration Systems, supra*, and discussed, *inter alia*, when the rules of defendant preclusion apply. The Court emphasized that "Section 18(2) of the Restatement (Second) of Judgments makes clear that a defense that could have been interposed cannot later be used to attack the judgment of the first action, [and] when *a former defendant* attempts to undermine a previous judgment by asserting in a subsequent action a claim or defense that was or could have been asserted in the earlier case, the rules of defendant preclusion will apply." *Id.* at 1375 (emphasis added). Notably, the Court stated that defendant preclusion would apply in circumstances where "the *defendant* in the original action attempts to collaterally attack the default judgment." *Id.* at 1376 (emphasis added).[6] The Court concluded that Nasalok's claim constituted a collateral attack on the district court's judgment and affirmed the Board's grant of summary judgment in favor of Nylok. *Id.* at 1377.

In its motions in Cancellation Nos. 92051714 and 92051790, DVD FLLC argues, in relevant part, that "*Nasalok Coating Corp.* is binding and directly on point" (p. 5); and contends that the circumstances in *Nasalok* are the same as

---

[6] The Court also held that a defendant is precluded if the claim or defense asserted in the second action was a compulsory counterclaim that the defendant failed to assert in the first action. *Id.* at 1372.

those in the cases at bar.  "Having bargained for, and received, dismissal of the district court lawsuit with prejudice, Petitioner is barred from seeking to overturn that result" (p. 6).  In Cancellation No. 92051821, DVD FLLC also relies on *Nasalok* to argue that defendant preclusion bars Zoba's claims.  Specifically, DVD FLLC asserts that Zoba's claims therein "could have [been] brought when it asserted (and then relinquished) its cancellation claims in the district court," and also constitute an improper collateral attack on the district court judgment (p. 8).

Respondent's reliance on *Nasalok* in all three motions is misplaced.  In regard to Cancellation Nos. 92051714 and 92051790, Zoba asserted its counterclaims as a counterclaim-*plaintiff* in the prior civil action.  Thus, the traditional doctrine of *plaintiff* claim preclusion is applicable to the instant cancellations involving the counterclaims in the prior civil action.  *See Nasalok*, 86 USPQ2d at 1372 ("Typically, claim preclusion is applied against *a plaintiff* who brings a second action related to an earlier action").  *See also* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:82 (4th ed. 2010) (distinguishing between elements necessary for claim preclusion to operate against a plaintiff versus a defendant in the first action).  In view thereof, with respect to Cancellation Nos. 92051714 and 92051790, the analysis in *Jet Inc. v. Sewage Aeration Systems* applies here.  As to

Cancellation No. 92051821, the rules of defendant preclusion discussed in *Nasalok* also do not apply. The registration that petitioner now seeks to cancel in the '821 proceeding was not the subject of the parties' prior civil action; therefore, Zoba had no obligation to assert a defense of trademark invalidity regarding that registration in the civil action (see *infra*). Thus, defendant preclusion, as analyzed and applied in *Nasalok*, is inapposite to the present motions.

Turning back to respondent's motions for summary judgment, we conclude for the following reasons that there is no genuine dispute as to any pertinent facts, and that the doctrine of *res judicata* bars Zoba's claims in Cancellation Nos. 92051714 and 92051790 as a matter of law, but does not bar Zoba's claims in Cancellation No. 92051821.

As to the first factor, whether the parties are identical or in privity, the parties do not dispute that the parties to the civil action and to the subject consolidated proceeding are identical.[7] Accordingly, there is no genuine dispute regarding any material fact involving the first factor of the *res judicata* analysis.

Regarding the second factor, namely, whether there has been an earlier final judgment on the merits of a claim,

---

[7] We note the additional defendant in the civil action, namely, U-Tech Media USA LLC; however, the pleadings and the "Stipulation and Order of Dismissal" issued in that proceeding clearly name petitioner as a defending party therein.

courts have long held that judgments on consent give rise to *res judicata*. *See, e.g., Lawlor v. National Screen Service Corp.,* 349 U.S. at 327 (holding that a lawsuit, dismissed with prejudice pursuant to a settlement agreement, "bars a later suit on the same cause of action"); *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 20 USPQ2d 1241, 1248 (Fed. Cir. 1991) ("there is no dispute that … claim preclusion principles apply to a consent judgment").

Zoba does not explicitly dispute that the stipulated order of dismissal in the civil action is a final judgment. However, in response to respondent's arguments applying *Nasalok* to petitioner's claims (discussed *supra*), Zoba contends that its claims do not amount to a collateral attack on the stipulated dismissal by the district court; that "here, the judgment simply dismissed all claims"; that the stipulated judgment was "simply a dismissal with prejudice"; and that "no rights were granted to either Plaintiff or Defendant beyond a release from those claims and counterclaims" (responses, pp. 6, 10-11). To the extent that Zoba's assertions could be construed as an argument that the consent order issued by the district court is not a final judgment with respect to Zoba's counterclaims in the civil action, the contention is not well founded. The "Stipulation and Order" issued in the civil action between the parties clearly dismissed all parties' claims, including Zoba's counterclaims, with prejudice. In

view thereof, there is no genuine dispute that a final judgment order was issued in the civil action between the parties and, specifically, with respect to the counterclaims asserted therein.

With respect to the third factor for claim preclusion, namely, whether the claims in the later proceeding are based on the same set of transactional facts as those asserted in a prior action, we apply the analysis used by our primary reviewing court, the Court of Appeals for the Federal Circuit, which is guided by the Restatement (Second) of Judgments § 24 (1982). *See Chromalloy American Corp. v. Kenneth Gordon, Ltd.*, 736 F.2d 694, 222 USPQ 187, 189-190 (Fed. Cir. 1984); and *Young Engineers, Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1314, 219 USPQ 1142, 1150 (Fed. Cir. 1983), *cited in Jet, Inc. v. Sewage Aeration Systems*, 55 USPQ2d at 1856. Specifically, we must consider whether Zoba's counterclaims comprise the same "core [or nucleus] of operative facts" or are "based on the same, or nearly the same, factual allegations" as those asserted in these proceedings. *Id.* at 1857.

### *Cancellation Nos. 92051714 and 92051790*

- *Zoba's Fraud Claims*

In the Fourth Counterclaim in the civil action entitled "Cancellation of Trademark under 15 U.S.C. §§ 1119, 1058 and 1064(3)," Zoba asserted a counterclaim of fraud "on the basis

11

that [the DVD LOGO] registration[s], [*i.e.,* U.S. Reg. Nos. 2295726 and 2318677] were obtained and/or renewed on the false and fraudulent basis that DVD FLLC was using the DVD LOGO" (¶112); that the specimens of use submitted by DVD FLLC to renew its trademark registrations were not specimens evidencing its own use of the DVD LOGO for its own goods, but were specimens used by other entities (¶111); and that "DVD FLLC does not actually use the DVD LOGO as a trademark for its own goods" (¶112).

Similarly, Zoba asserts in the cancellation proceedings claims of fraud in connection with DVD FLLC's filing of its declarations of continued use and renewal under Sections 8 & 9 and its "Affidavit[s] of Incontestability." The factual assertions underlying these fraud claims are, as set forth in the petitions to cancel, in relevant part, as follows:

> "By effecting the §§ 8/9 Filing" [¶20 in Cancellation No. 92051714] and "[b]y effecting the "§§8/15 Filing[s]" [¶18 in Cancellation No. 92051714; ¶17 in Cancellation No. 92051790], DVD FLLC fraudulently filed its declaration or affidavit, and that said declaration or affidavit, in which DVD FLLC stated that its DVD LOGO had been in continuous use in commerce and was still in use in commerce, was fraudulent because DVD FLLC "had never used the subject Mark, since it had never manufactured any products … in connection with the [DVD LOGO] mark," and because DVD FLLC submitted specimens of use of the DVD LOGO for products that were manufactured by a shareholder of DVD FLLC that is not a licensee of DVD FLLC (¶¶ 18, 20 in Cancellation No. 92051714; ¶17 in Cancellation No. 92051790).

Thus, Zoba's counterclaims in the prior civil action and its claims in Cancellation Nos. 92051714 and 92051790 assert that

DVD FLLC committed fraud in filing sworn statements for the renewal of U.S. Reg. Nos. 2295726 and 2318677 by stating that it was using the DVD LOGO in commerce and by submitting a specimen of use manufactured and used by a non-licensed third party. Additionally, in both the civil action and in the cancellation proceedings, Zoba's claims rely on the same affidavits and specimens of use. *Cf. Vitaline Corp. v. General Mills*, 13 USPQ2d at 1174 (the court noted that "Vitaline's theories of abandonment and fraud are not only based upon the same transactional facts-use of the mark on product containers in connection with certain wording, but rely on the very same proof-the affidavit and specimens").

Therefore, there is no genuine dispute that the fraud counterclaim in the civil action and the respective fraud claims in Cancellation Nos. 92051714 and 92051790 are based on the same set of transactional facts out of which the fraud claim arose, *viz.* that DVD FLLC assertedly has not used and/or does not use the DVD LOGO for its own goods and that, in maintaining its DVD LOGO registrations (*i.e.*, Nos. 2295726 and 2318677), DVD FLLC submitted a specimen of use for goods which were actually manufactured and used by another, unlicensed entity.

In view of the foregoing, we find that all three claim preclusion requirements have been met in connection with Zoba's fraud claim. Specifically, there is no genuine dispute

13

that the parties in the civil action and in Cancellation Nos. 92051714 and 92051790 are identical, that there was an earlier final judgment on the merits of Zoba's fraud claims, and that the instant fraud claims are based on the same set of transactional facts as the first action.  Consequently, Zoba's fraud claims regarding U.S. Reg. Nos. 2295726 and 2318677 are barred under the doctrine of *res judicata.*

- *Zoba's Abandonment Claims*

We now consider whether Zoba's abandonment claims in the present proceeding and in the prior civil action are based on the same set of transactional facts.  The claim preclusion doctrine also bars a plaintiff from a subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief.  *Vitaline Corp. v. General Mills*, 13 USPQ2d at 1174.  *See also Young Engineers,* 219 USPQ at 1151; and 4 CALLMANN ON UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES § 23.36 (4th ed. 2010) ("A party is not entitled to a second day in court simply by alleging a new ground of recovery for the same wrong"), *citing to Fink v. Golenbock*, 680 A.2d 1243 (Conn. 1996) ("claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it").

In the civil action, Zoba alleged the following in its Third and Fourth counterclaims, which incorporate by reference paragraph 84:

84. Upon information and belief, Plaintiff has entered into licenses for its DVD format and its DVD LOGO with over 400 licensees in the United States …";

. . .

107. The primary significance of the DVD LOGO is as a generic and/or descriptive and/or functional term … and [it] is not a designation of source or origin of the DVD LOGO with DVD FLLC.

108. The DVD LOGO has become so commonplace in use on DVDs irrespective of manufacturer or source that the DVD LOGO has lost its significance as a trademark […].

109. […] the primary significance of the [DVD LOGO] trademark in the minds of the consuming public is not the producer but the product.

. . .

112. Upon information and belief, DVD FLLC does not actually use the DVD LOGO as a trademark for its own goods, and, accordingly, … its registration[s] should be cancelled on the grounds that said registration[s were] obtained and/or renewed on the false and fraudulent basis that DVD FLLC was using the DVD LOGO.

Similarly, the petitions for cancellation set forth four claims alleging that DVD FLLC does not use the DVD LOGO as a trademark as follows (emphasis added):

- DVD FLLC does not use the DVD LOGO, but purports to "license" the subject mark to licensees (¶¶ 22-23, 25 in 92051714, ¶¶ 19-20, 22 in 92051790); and "any uses of the mark are other than by its owner" (¶24 in 92051714, ¶21 in 92051790);

- DVD FLLC permits unlicensed use and uncontrolled licensing (¶¶ 22-23 in 92051714, ¶¶ 19-20 in 92051790);

- DVD FLLC fails to police its mark by allowing unlicensed and non-compliant use of the DVD LOGO (¶23 in 92051714, ¶20 in 92051790); and

- DVD FLLC misuses the DVD LOGO as a certification mark since "any uses of the mark are other than by its owner [or a related company]," the mark is intended to indicate the quality of the licensee's goods, and "is not intended to" and does not indicate the source of the goods (¶¶ 24-25 in Cancellation No. 92051714; ¶¶ 21-22 in Cancellation

15

No. 92051790).[8]

Although Zoba has identified these allegations in its petitions for cancellation as "abandonment" claims, and did not specifically allege in its counterclaims in the prior litigation that DVD FLLC had abandoned its DVD LOGO, there is no genuine dispute that Zoba's abandonment claims in the cancellation proceedings are based on the same set of transactional facts which gave rise to Zoba's counterclaims asserted in the civil action, namely, that DVD FLLC does not itself use the DVD LOGO in U.S. Reg. Nos. 2295726 and 2318677 as a trademark for its own goods; that the DVD LOGO is used by third parties; and that the DVD LOGO no longer identifies a single source for the goods with which the mark is used. *See* Section 45(2) of the Trademark Act, 15 U.S.C. § 1127.[9] *See also* MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION at § 18:48

---

[8] Zoba also alleges the following facts in support of its abandonment claims, namely, that respondent does not exercise the requisite control over the nature and the quality of the goods sold by licensees of the mark (¶22 and ¶19 in the respective pleadings); that respondent's shareholders are permitted to use the DVD LOGO without becoming licensees (¶22(a)and ¶19(a)); that respondent does not exercise any routine testing and examination of licensees to insure compliance with "DVD Format Books" (¶22(b) and ¶19(b)); that respondent permits unlicensed use of the DVD LOGO or use that is non-compliant with respondent's DVD LOGO specifications (¶¶ 22(c) & 23; ¶¶ 19(c) & 20); and that "any uses of the mark are other than by its owner" and display of the mark is intended to indicate that the goods['] material, mode of manufacture, quality, accuracy or other characteristics of such licensees['] goods comply with an established certification standard (¶¶ 24-25; ¶¶ 21 & 22).

[9] "A mark shall be deemed to be 'abandoned' … [w]hen any course of conduct of the owner, … causes the mark to become the generic name for the goods or otherwise to lose its significance as a mark."

16

(distinguishing uncontrolled or "naked" licensing characterized as "abandonment," where loss of trademark rights in a mark is caused by loss of significance as a mark or indicator of single source, from abandonment resulting from nonuse and intent to abandon). Inasmuch as the subject claims are based on the same set of operative facts, the difference in terminology used in the pleadings of the two proceedings does not raise a genuine dispute as to whether the counterclaim and the instant claims are based on the same set of transactional facts. *See Jet, Inc. v. Sewage Aeration Systems,* 55 USPQ2d at 1856.

There is also no genuine dispute that the other factual assertions within the abandonment claims in the cancellation proceedings fail to constitute new or different transactions that would prevent the application of claim preclusion to Zoba's abandonment claims. Specifically, there is no genuine dispute that the several allegations related to respondent's licensing regime constitute a series of connected transactions, that is, they are related to or exemplify Zoba's allegations that DVD FLLC itself, by commission or omission, does not use or control the DVD LOGO as a trademark for its own or properly licensed goods, and that the mark assertedly no longer has the significance of a trademark. Further, even though Zoba's allegations in its civil complaint regarding DVD

17

FLLC's license agreements (see ¶84 answer and counterclaim) relate largely to Zoba's counterclaims asserting antitrust violations, there is no genuine dispute that Zoba's allegations regarding DVD FLLC's licensing regime, *viz.*, those asserting uncontrolled use, failure to police the use of the DVD LOGO by respondent's licensees, and misuse of the mark, should have been and could have been alleged in the prior proceeding. *See Nasalok*, 86 USPQ2d at 1371 ("claim preclusion refers to 'the effect of foreclosing any litigation of matters that never have been litigated, because of a determination that they *should have been advanced* in an earlier suit'" (emphasis added)). *See also Vitaline Corp.*, 13 USPQ2d at 1174 (the court determined that claim preclusion barred Vitaline from asserting abandonment in a separate and subsequent proceeding inasmuch as "the abandonment theory clearly could have been brought in the original proceeding because Vitaline had access to the affidavit and related specimens … when it filed its counterclaim …, [and] Vitaline could even have plausibly *argued* there was a statutory presumption of abandonment" (emphasis in original)); and *Int'l Nutrition v. Horphaq*, 55 USPQ2d at 1494-95 ("the differences between the two pleadings are not sufficient to differentiate the claims for *res judicata* purposes, particularly since there was nothing in the cancellation petition that could not have been alleged in the opposition").

**Cancellation Nos. 92051714, 92051790 and 92051821**

Therefore, with respect to Zoba's claims of abandonment in Cancellation Nos. 92051714 and 92051790, there is no genuine dispute regarding the third factor of the *res judicata* analysis, namely, that Zoba's abandonment claims in these two proceedings are based on the same series of transactional facts as those alleged in Zoba's counterclaims in the prior civil action between the parties.

In view of the foregoing, we find that all three claim preclusion requirements have been met in connection with Zoba's abandonment claims set forth in these proceedings. Specifically, there is no genuine dispute that the parties in the civil action and in Cancellation Nos. 92051714 and 92051790 are identical, that there was an earlier final judgment on the merits of Zoba's non-use or abandonment claims, and that the instant abandonment claims are based on the same set of transactional facts as those in the earlier action. Consequently, Zoba's abandonment claims with respect to U.S. Reg. Nos. 2295726 and 2318677 are barred under the doctrine of *res judicata.*

Accordingly, DVD FLLC's motions for summary judgment in Cancellation Nos. 92051714 and 92051790 on the ground of *res judicata* are <u>granted</u>; and Cancellation Nos. 92051714 and 92051790 are hereby <u>dismissed with prejudice</u>.

### *Cancellation No. 92051821*

Zoba's fraud claim in Cancellation No. 92051821, which

19

relates to U.S. Reg. No. 2711602, comprises the allegations that DVD FLLC "fraudulently filed the Statement of Use setting forth goods in connection with which the subject Mark was then in use" by DVD FLLC's predecessor in interest, and that the affidavit therein was fraudulent because the specimens submitted by DVD FLLC were examples of a product manufactured by Panasonic, Inc., which, assertedly, was not a limited partner, agent, or licensee of DVD FLLC's predecessor in interest (¶¶ 9 and 15). Likewise, Zoba made the same abandonment claims that it made in connection with Cancellation Nos. 92051714 and 92051790.

Unlike the other petitions for cancellation discussed herein, however, U.S. Reg. No. 2711602 was not pleaded by DVD FLLC in the prior civil action and Zoba's counterclaims therein did not seek to cancel that particular registration. As a result, the validity of U.S. Reg. No. 2711602 was never at issue in the prior civil action. Additionally, although U.S. Reg. No. 2711602 is for the same DVD LOGO, the identification in the registration is for different and broader goods than are identified in the registrations involved in the civil action. Specifically, the DVD LOGO registrations pleaded in the civil action describe only optical disc players and compact discs containing *digital information for display of filmed products*; whereas, the goods described in U.S. Reg. No. 2711602 include, *inter alia*,

20

optical disc readers and *blank* optical discs for use in recording *data, sound, images, computer games, computer programs and map information*, and a variety of other electronic goods.  In view of the differences between the trademark registrations involved and the goods described in respondent's registrations, there is no dispute that the fraud and non-use counterclaims in the prior civil action and the fraud and abandonment claims in Cancellation No. 92051821 are not based on the same set of transactional facts.  *See Nasalok*, 86 USPQ2d at 1374 ("preclusion as to validity applies only "if the accused product in the second suit [is] 'essentially the same' ['or [is] only colorably different'] as the specific device that was before the court in the first suit") (internal citations omitted); *Mayer/Berkshire Corp. v. Berkshire Fashions Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005); and *Realex Chemical Corp. v. S.C. Johnson & Son, Inc.,* 849 F.2d 299, 7 USPQ2d 1161, 1164 (8th Cir. 1988) ("There is no *res judicata* or claim preclusion where, while the legal theory is the same, the accused mark is a newly designed label used on a different product.  The cause of action is different and there is no 'splitting' of a cause of action.").

Furthermore, because the civil action did not involve U.S. Reg. No. 2711602, we cannot find that DVD FLLC is entitled to judgment as a matter of law with respect to Zoba's

fraud and abandonment claims based on the doctrine of *res judicata*.  In the civil action, DVD FLLC pleaded ownership of only the two registrations that are the subject of Cancellation Nos. 92051714 and 92051790.  Since DVD FLLC chose not to plead ownership of U.S. Reg. No. 2711602 in support of its trademark infringement action, the complaint in the civil action did not provide Zoba with notice that it had a right or need to assert a defense against U.S. Reg. No. 2711602.  Consequently, Zoba had no obligation to file a counterclaim to cancel U.S. Reg. No. 2711602; and U.S. Reg. No. 2711602 was not the subject of or affected by the parties' consent decree.  Thus, contrary to respondent's arguments, it was not Zoba that split the claims with respect to the DVD LOGO registrations.  Rather, although factual similarities exist among the three proceedings, it was DVD FLLC that effectively split its claims by failing to plead all of its DVD LOGO registrations in the prior civil action.

In view of the foregoing, both precedent and fairness dictate our finding that Zoba's fraud and abandonment claims in Cancellation No. 92051821 are not barred by the doctrine of claim preclusion.  *See, e.g., Sharp v. Thinksharp Inc.*, 79 USPQ2d 1376, 1379 (Fed. Cir. 2006) ("when a party did not have an opportunity to litigate disputed issues, a decision to permit such litigation is favored"); and *Mayer/Berkshire Corp.*, 76 USPQ2d at 1314  ("The public policy underlying the

principles of preclusion, whereby potentially meritorious claims may be barred from judicial scrutiny, has led courts to hold that the circumstances for preclusion 'must be certain to every intent,'" *citing Russell v. Place*, 94 U.S. (4 Otto) 606, 610 (1878)).

Accordingly, respondent's motion for summary judgment with respect to Cancellation No. 92051821 is <u>denied</u> insofar as respondent has failed to establish that Zoba's fraud and abandonment claims are barred by the doctrine of *res judicata* and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).[10]

Further, because Cancellation Nos. 92051714 and 92051790 have been dismissed, <u>Cancellation No. 92051821 is no longer considered to be consolidated with those proceedings</u>, and shall hereafter proceed forward as a single proceeding. All papers filed hereafter in connection with Cancellation No. 92051821 must be filed in that specific proceeding, and the caption for such papers should reference only Cancellation No. 92051821.

A separate order will be issued in Cancellation No. 92051821 to address whether the petition filed in that case

---

[10] The parties should note that evidence submitted in support of or in opposition to a motion for summary judgment is of record only for consideration of that motion. Any such evidence to be considered at final hearing must be properly introduced in evidence during the appropriate trial period. *See, e.g., Levi Strauss & Co. v. R. Joseph Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993).

sets forth a fraud or abandonment claim upon which relief can be granted, and to reset the trial schedule in that proceeding as necessary.

## Decision

Respondent's motions for summary judgment with respect to Cancellation Nos. 9205714 and 92051790 on the ground of *res judicata* are <u>granted</u>; and Cancellation Nos. 9205714 and 92051790 are dismissed with prejudice.[11]

Respondent's motion for summary judgment on the ground of *res judicata* with respect to Cancellation No. 92051821 is <u>denied</u>.[12]

✧✧✧

---

[11] Because this is a final decision of the Board, it may be appealed to the Court of Appeals for the Federal Circuit or to a U.S. District Court with appropriate jurisdiction. *See* Trademark Act Sections 21(a)(1) and 21(b)(1), 15 U.S.C. §§ 1071(a)(1) and 1071(b)(1); Trademark Rule 2.145, 37 C.F.R. § 2.145; and TBMP § 901.01 (2d ed. rev. 2004).

[12] The decision in Cancellation No. 92051821 is interlocutory in nature; therefore, any appeal thereof can be raised only after final disposition of this proceeding. *See Copeland's Enterprises Inc. v. CNV Inc.*, 12 USPQ2d 1562 (Fed. Cir. 1989).