NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-1101
(Opposition No. 91/169,211)


MICHAEL J. MCDERMOTT,

Appellant,

v.


SAN FRANCISCO WOMEN'S MOTORCYCLE CONTINGENT,

Appellee.

Michael J. McDermott, of Dublin, California, pro se.

Gregory S. Gilchrist, Townsend  and Townsend and Crew LLP, of San Francisco, California, for appellee.  With him on the brief were Gia L. Cincone and Raquel Pacheco.  Of counsel on the brief were Michael O. Crain, Oliver-Crain, P.C., of Athens, Georgia, and Brooke Oliver, of San Francisco, California.

Appealed from:     United States Patent and Trademark Office
                   Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

07-1101
(Opposition No. 91/169,211)

MICHAEL J. MCDERMOTT,

Appellant,

v.

SAN FRANCISCO WOMEN'S MOTORCYCLE CONTINGENT,

Appellee.

_____

DECIDED: July 11, 2007

_____

Before MAYER and LOURIE, <u>Circuit Judges</u>, and LINARES, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Michael J. McDermott ("McDermott") appeals from the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (the "Board") dismissing for lack of standing his opposition to the San Francisco Women's Motorcycle Contingent's ("SFWMC") application to register the trademark DYKES ON BIKES ("the

---

[*]     Honorable Jose L. Linares, District Judge, United States District Court for the District of New Jersey, sitting by designation.

mark"). <u>McDermott v. San Francisco Women's Motorcycle Contingent</u>, 81 U.S.P.Q.2d 1212 (T.T.A.B. 2006). Because the Board did not err in its dismissal of McDermott's opposition, we affirm.

BACKGROUND

On July 31, 2003, SFWMC applied to register the mark for education and entertainment services. Initially, registration was refused under 15 U.S.C. § 1052(a)[1] on the basis that the word "dyke" was disparaging to lesbians. Upon consideration of additional evidence following a remand from the Board, the examiner approved the trademark application for publication, and it was published on January 4, 2006. McDermott filed his Notice of Opposition to registration on February 15, 2006. On April 5, 2006, SFWMC filed a motion to dismiss the opposition pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of standing and failure to state a legal basis for the opposition.

In its September 13, 2006 decision, the Board granted SFWMC's motion to dismiss, finding that McDermott lacked the requisite standing to oppose registration of the mark. Relying on this court's decision in <u>Ritchie v. Simpson</u>, 170 F.3d 1092 (Fed. Cir. 1999), the Board found that McDermott had sufficiently pleaded a "real interest," but had failed to allege facts that would show he had a "reasonable" basis for his belief that he would be damaged by the registration.

---

[1] Under 15 U.S.C. § 1052(a), no trademark shall be refused registration on account of its nature unless it "[c]onsists of or comprises immoral, deceptive, or scandalous matter; or matter which may disparage or falsely suggest a connection with persons, living or dead, institutions, beliefs, or national symbols, or bring them into contempt, or disrepute . . . ."

McDermott timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

DISCUSSION

We review the Board's legal determinations <u>de novo</u> and its factual findings for substantial evidence. <u>In re Bose</u>, 476 F.3d 1331, 1334 (Fed. Cir. 2007). Standing is a question of law that this court reviews <u>de novo</u>. <u>Isr. Bio-Eng'g Project v. Amgen, Inc.</u>, 475 F.3d 1256, 1262-63 (Fed. Cir. 2007).

On appeal, McDermott argues that the Board misapplied this court's precedent and thereby denied him due process. SFWMC responds that McDermott failed to identify any reasonable basis for believing that registration of the mark would be harmful to him or others.

The narrow question before us is whether McDermott has standing to oppose registration of the mark, and we find no error in the Board's determination that McDermott lacked the requisite standing. As noted by the Board, McDermott has basically made two claims under 15 U.S.C. 1052(a). First, he has alleged it is disparaging based on the inclusion of the term "dykes" (the disparagement claim). Second, he has alleged that it is comprised of scandalous and immoral material because the mark in full is associated with a pattern of illegal activity by the group applying for registration of the mark (the scandalous claim). McDermott lacks standing to assert either claim.

As we explained in <u>Ritchie</u>, an opposer of registration of a mark must have both a real interest in the proceedings and a reasonable basis for a belief that he would be damaged by its registration. <u>Id.</u> at 1095. The Board did find that McDermott had

sufficiently pleaded a real interest, and SFWMC does not challenge that finding. Thus, McDermott's standing, or lack thereof, rests on whether his pleading establishes a reasonable basis for his belief that he would be damaged by registration.

In Ritchie, we stated that "one method of establishing the reasonableness of belief of damage for purposes of standing is for the opposer to allege he possesses a trait or characteristic that is clearly and directly implicated in the proposed mark." Id. at 1098. The Board found that McDermott, being a man, was not so "implicated" by the mark, and we agree that the registration of the proposed mark would have no "implications" for a man.

"[A]nother means that may be used to demonstrate the reasonableness of the opposer's belief of damage is to allege that others also share the same belief of harm from the proposed trademark" as demonstrated through surveys, petitions, or affidavits from public interest groups. Id. The Board found, and we agree, that McDermott's opposition papers contain no allegations that his belief is shared by others and no reference to supporting evidence demonstrating such a shared belief. No other basis has been shown to provide McDermott, a man, with sufficient standing to enable him to oppose registration of the proposed mark.

We have considered the additional arguments by the parties and find them to be without merit or moot. We therefore affirm the Board's decision dismissing for lack of standing McDermott's opposition to registration of the mark.

07-1101 -4-