THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

MBA

Mailed:  February 10, 2012

Cancellation No. 92054059

Robert Doyle

v.

Al Johnson's Swedish
Restaurant & Butik, Inc.

**Before Zervas, Cataldo and Mermelstein, Administrative
Trademark Judges**

**By the Board:**

This case now comes up for consideration of respondent's motion, filed June 10, 2011, to dismiss the petition for cancellation for failure to state a claim upon which relief may be granted.  Petitioner opposes the motion.

Background and Petitioner's Allegations

By way of background, respondent owns two registrations for the mark displayed below



for "restaurant services" and "Retail store and online retail store services featuring gifts, food, clothing …"

(the "Registrations").[1]  Both of the Registrations include

descriptions of respondent's mark, which are:  "[t]he mark

consists of goats on a roof of grass" (Registration No.

2007624); and "[t]he mark consists of building décor with a

roof comprised of grass and bearing several goats on the

roof" (Registration No. 3942832).  In his petition to cancel

the Registrations, petitioner alleges that

> Many establishments in the classes to
> which Registrant's mark apply have,
> because of Registrant's marks, refrained
> from placing goats on their grass roofs,
> as a result of which Petitioner has
> been, and will continued (sic) to be,
> damaged in that Petitioner has been, and
> will continue to be, unable to satisfy
> his desire to take photographs of goats
> on grass roofs.

Notice of Opposition ¶ 1.  As grounds for cancellation,

petitioner alleges that "Registrant's marks primarily serve,

and are intended by Registrant to primarily serve, as a form

of entertainment and attraction in order to enhance the

enjoyment of visiting Registrant's restaurant; and, as such,

Registrant's marks are functional."  Id. ¶ 2.  Petitioner

further alleges that "[t]he two components of Registrant's

marks are themselves functional," in that:  (1) respondent's

"sod roof helps keep temperatures lower," thus reducing

respondent's energy costs and making its restaurant more

comfortable; and (2) the goats on respondent's roof eat the

---

[1]    Registration No. 2007624, issued October 15, 1996, and
Registration No. 3942832, issued April 12, 2011, respectively.

grass, which "negates … the need to cut the grass."  Id.
¶¶ 5, 7, 8.

The Parties' Contentions

    In its motion to dismiss, respondent argues that petitioner lacks standing and failed to state a legally sufficient claim for relief.  With respect to standing, respondent argues that petitioner has not alleged that he has a "real interest" or a "direct and personal stake" in this proceeding, because petitioner does not allege that he offers, or intends or desires to offer, restaurant or gift shop services.  Respondent further argues that the petition "contains no facts to support that [petitioner] has … a reasonable basis to believe he will be damaged."  With respect to petitioner's claim that respondent's mark is functional, respondent argues that the petition contains no "[a]llegations of how the Goats on the Roof Décor is functional with respect to the services identified in" the Registrations.  Furthermore, if respondent's décor were found to be functional merely because it is "entertaining and attractive," then "no restaurant décor could be protected as trade dress."  Finally, respondent requests that the petition be dismissed with prejudice, because it "wastes the Board's time and resources merely to test a legal premise destined to fail …."

In response, petitioner argues that he need not allege current or intended use of a mark similar to respondent's mark for restaurant or gift shop services in order to adequately allege his standing. Rather, petitioner claims that it is enough "that he personally has been, or will be, negatively affected by Registrant's marks." Petitioner also argues that "a design feature whose primary purpose is functional or aesthetic is not registrable."

Decision

In order to survive respondent's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), petitioner's complaint must allege facts which would, if proved, establish that: (1) petitioner has standing to maintain the proceeding; and (2) there is a valid ground for cancelling the Registrations. Young v. AGB Corp., 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); TBMP § 503.02 (3d ed. 2011). With respect to standing, petitioner must allege facts which, if ultimately proven, would establish that petitioner has a "real interest," i.e., a "personal stake," in the proceeding. Ritchie v. Simpson, 170 F.3d 1092, 50 USPQ2d 1023, 1025-26 (Fed. Cir. 1999); Lipton Industries, Inc. v. Ralston Purina Co., 213 USPQ 185, 189 (TTAB 1982). Furthermore, petitioner's allegation that he would be damaged by the Registrations "must have a 'reasonable basis in fact.'" Ritchie, 170 F.3d 1092, 50

4

USPQ2d at 1027 (quoting Universal Oil Prod. Co. v. Rexall Drug & Chem. Co., 463 F.2d 1122, 174 USPQ 458, 459-60 (CCPA 1972)). As to whether petitioner has sufficiently alleged a valid ground for cancellation, the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Apart from specifying that sufficient factual matter be "well-pleaded" and, when so pleaded be accepted as true, the Court also explains that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are not accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

Here, petitioner has not adequately alleged his standing. Indeed, while we must assume that petitioner has a "real interest" or "personal stake" in taking photographs of goats on grass roofs generally, petitioner does not relate this alleged impairment of his asserted interest in taking such photographs to respondent's service mark in any manner. In other words, there is no allegation that respondent's mark somehow prevents petitioner himself from placing goats on a grass roof and taking their picture, or taking pictures of goats on a sod roof found elsewhere (or,

for that matter, photographing the goats found on the roof of respondent's restaurant).[2] Similarly, petitioner fails to relate his alleged interest in taking such photographs to <u>restaurant or gift shop services</u>.

Perhaps even more importantly, petitioner's alleged belief that he would be damaged by the Registrations is not reasonable. In fact, while respondent's mark could prevent petitioner from offering restaurant or gift shop services, or related services, under a mark that is confusingly similar to respondent's mark, nothing about respondent's mark or trademark law prevents photography in general of, or even the placement of, goats on sod roofs. In other words, petitioner is entirely free to take the photographs he wants to take, despite respondent's Registrations. While respondent's Registrations might prevent petitioner from using any photographs of goats on sod roofs as a service mark in connection with restaurant or gift shop services, or related services, petitioner has not alleged that he uses or wants to use the desired photographs in such a manner, or that he has any right to do so. To the contrary, in his response to respondent's motion, petitioner appears to concede that he is not in a position to use the desired

---

[2] To the extent that petitioner intends to allege that respondent's mark prevents any placement of goats on sod roofs, there is no such prohibition under trademark law, much less any such law cited in the petition.

photographs as marks in connection with restaurant, gift shop or related services.  In short, petitioner alleges that he wants to take photographs of goats on roofs, but does not allege that anything about respondent's mark or Registrations prevents him from doing so.  Therefore, he has not adequately alleged a reasonable basis in fact to support his claim of standing.[3]  McDermott v. San Francisco Women's Motorcycle Contingent, 81 USPQ2d 1212, 1214 (TTAB 2006), aff'd, 240 Fed. Appx. 865 (Fed. Cir. 2007) ("The purpose of the standing requirement, which is directed solely to the interest of the plaintiff, is to prevent litigation when there is no real controversy between the parties.").

Turning next to petitioner's functionality claim, "a product feature is functional 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.'"  Mag Instrument Inc. v. Brinkmann Corp., 96 USPQ2d 1701, 1718 (TTAB 2010), aff'd, ___ Fed. Appx. ___, 2011 WL 5400095 (Fed. Cir. 2011) (quoting Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 214 USPQ 1, 4 n. 10 (1982)).  Here, however, petitioner

---

[3]     As noted, petitioner alleges that "[m]any establishments in the classes to which Registrant's mark apply have, because of Registrant's marks, refrained from placing goats on their grass roofs …."  To the extent petitioner alleges that others have been damaged by respondent's Registrations, such damage does not constitute petitioner's personal interest in this proceeding. Petitioner does not allege facts establishing that injury to such "establishments" constitutes damage to him or that he has any legitimate right to petition for cancellation on their behalf.

fails to relate his claim of functionality to respondent's <u>restaurant and gift shop services</u>. That is, the petition is devoid of any allegation that goats on sod roofs are essential to the use or purpose of restaurant or gift shop services. And while petitioner alleges that respondent's goats and sod roof affect respondent's costs, by reducing respondent's energy and mowing expenses, this allegation is not specific, and is in fact completely unrelated, to <u>restaurant or gift shop services</u>. In other words, by petitioner's logic, goats on sod roofs would be functional for _any_ good or service provided through a facility with a roof that could be covered in sod, because goats on sod roofs reduce the good or service provider's costs. Yet, it is well settled that functionality must be assessed in connection with the goods or services at issue, in this case restaurant and gift shop services. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769-70 (1992) and Duramax Marine LLC v. R.W. Fernstrum & Co., 80 USPQ2d 1780, 1791-94 (TTAB 2006). Moreover, while respondent's goats on a sod roof may attract customers, there is no allegation that goats on sod roofs are superior to other methods of attracting customers to restaurants or gift shops, and "there is no prohibition against a trade dress mark both functioning to indicate source and being aesthetically pleasing." See, In re Hudson News Co., 39 USPQ2d 1915,

8

1920, 1923 (TTAB 1996); see also, Qualitex Co. v. Jacobson Products Co., Inc., 514 U.S. 159, 165 (1995) ("The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature."). Accordingly, petitioner's factual allegations, even accepted as true, nevertheless cannot, as a matter of law, establish the functionality of respondent's marks in connection with the subject services.

Conclusion

For all of these reasons, respondent's motion to dismiss the petition for cancellation is hereby **GRANTED**, and the petition is **DISMISSED, WITHOUT PREJUDICE**. Specifically, petitioner is allowed until **TWENTY DAYS** from the mailing date of this order to, if warranted, file an amended petition for cancellation which sufficiently alleges petitioner's standing, and a proper and appropriate claim of functionality, failing which the original petition for cancellation will stand dismissed with prejudice. However, in considering whether to attempt to replead his allegations, petitioner should carefully review Fed. R. Civ. P. 11. Petitioner should also be aware of the extreme difficulties he would likely face in ultimately proving that respondent's mark is functional.

> In considering the issue of functionality, we consider the following (known as the Morton-Norwich factors): (1) the existence of a utility patent disclosing the utilitarian advantages of the design; (2) advertising materials in which the originator of the design touts the design's utilitarian advantages; (3) the availability to competitors of functionally equivalent designs; and (4) facts indicating that the design results in a comparatively simple or cheap method of manufacturing the product.

Mag Instrument, 96 USPQ2d at 1718.

In the event petitioner files an amended petition to cancel in accordance with this decision, respondent is allowed until thirty (30) days from the date of service thereof to answer or otherwise move with respect thereto. Proceedings herein are resumed, and disclosure, conferencing, discovery, trial and other dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | **April 27, 2012** |
| Discovery Opens | **April 27, 2012** |
| Initial Disclosures Due | **May 27, 2012** |
| Expert Disclosures Due | **September 24, 2012** |
| Discovery Closes | **October 24, 2012** |
| Plaintiff's Pretrial Disclosures | **December 8, 2012** |
| Plaintiff's 30-day Trial Period Ends | **January 22, 2013** |
| Defendant's Pretrial Disclosures | **February 6, 2013** |
| Defendant's 30-day Trial Period Ends | **March 23, 2013** |
| Plaintiff's Rebuttal Disclosures | **April 7, 2013** |

Cancellation No. 92054059

Plaintiff's 15-day Rebuttal Period Ends                    **May 7, 2013**

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***